UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JAY LIN and IRENE LIN, on behalf of themselves and all others similarly situated, | : : : : : | |
| Plaintiff, | : | |
| v. | : : : | Civil Action No. 3:18-cv-15387-BRM-LHG |
| HUDSON CITY SAVINGS BANK, M&T BANK, and PARKER MCCAY, P.A., | : : : | **AMENDED OPINION** |
| Defendants. | : : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is: (1) a Motion to Dismiss filed by Defendant Hudson City Savings Bank, M&T Bank ("Hudson") seeking to dismiss Plaintiffs Jay Lin and Irene Lin's, on behalf of themselves and all others similarly situated ("Plaintiffs") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (ECF No. 21); and (2) a Motion to Dismiss filed by Defendant Parker McCay, P.A. ("Parker McCay") (together with Hudson, "Defendants") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 36.) Plaintiffs filed an Opposition to both Motions to Dismiss (ECF Nos. 29 & 38) and Defendants each filed a Reply Brief to Plaintiffs' Oppositions to their respective Motions to Dismiss. (ECF Nos. 30 & 41.) Having reviewed the submissions filed in connection with the motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, Hudson's Motion to Dismiss the Complaint is **GRANTED**, Parker McCay's Motion to Dismiss the Complaint is **GRANTED**, and the Complaint is **DISMISSED**

WITHOUT PREJUDICE.

## I. BACKGROUND

### A. Factual Background

For the purposes of these Motions to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to the plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Furthermore, the Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

#### i. The Foreclosure Action

During the financial crises of 2008, Plaintiffs incurred a financial obligation in the form of a mortgage refinancing by Hudson. (ECF No. 1 ¶ 1.)[1] On May 23, 2007, Plaintiffs executed a mortgage (the "Mortgage") and note (the "Note") of $680,000 to Hudson, in connection with a property located in Warren, New Jersey (the "Property"), to pay off an existing mortgage of $200,000. (*Id.*; ECF No. 36-8, Ex. 6.) On August 3, 2010, Hudson – through its counsel, non-party Zucker, Goldberg & Ackerman ("Zucker Goldberg") – filed a foreclosure action in the Superior Court of New Jersey, Somerset County, Chancery Division (the "Foreclosure Action") against Plaintiffs, alleging default by virtue of Plaintiffs' failure to tender a payment due on January 1, 2010. (*Id.* ¶¶ 2-3; ECF No. 36-8, Ex. 6.)[2]

---

[1] The facts alleged in the Complaint are extremely scant. Accordingly, this Court supplemented the facts as necessary with documents integral to, or relied on, in the Complaint pursuant to *In re Burlington Coat Factory*, 114 F.3d at 1426

[2] Plaintiffs had also executed a Home Equity Line of Credit ("HELOC") with a maximum credit limit of $200,000 and which was secured by a second mortgage. (ECF No. 36-8, Ex. 6.)

Plaintiffs contested the Foreclosure Action. (ECF No. 36-8, Ex. 6.) On April 22, 2013, after several years of litigation, Hudson filed a Motion for Summary Judgment before the Superior Court. (*Id.*; ECF No. 36-3, Ex. 1.) Shortly thereafter, Plaintiff Irene Lin filed a petition for Chapter 13 bankruptcy, which was subsequently converted to a Chapter 7 bankruptcy petition. (ECF No. 36-3, Ex. 1.) The Foreclosure Action was then stayed pending dismissal of the bankruptcy or entry of an order granting relief from the bankruptcy stay. (ECF No. 36-4, Ex. 2.) Once Hudson received relief from the stay, it refiled its Motion for Summary Judgment before the Superior Court on October 28, 2016. (ECF No. 36-8, Ex. 6.)[3] On December 5, 2016, the Superior Court granted Hudson's Motion for Summary Judgment, noting that Hudson was foreclosing "only . . . on the Note and Mortgage dated May 23, 2007" and not on the HELOC. (ECF No. 36-9, Ex. 7.)

On June 16, 2017, Plaintiffs filed a Motion to Vacate the Entry of Summary Judgment before the Superior Court. (ECF No. 36-10, Ex. 8.) On July 21, 2017, the Superior Court denied Plaintiffs' Motion to Vacate, as well as two other motions filed by Plaintiffs, noting, *inter alia*: (1) Hudson sought only to foreclose on the May 23, 2007 Note and Mortgage; (2) Zucker Goldberg's 2015 Chapter 11 bankruptcy has "no bearing on the instant action;" (3) Plaintiff Irene Lin's bankruptcy did not preclude the Foreclosure Action; and (4) the substitution of counsel from Zucker Goldberg to Parker McCay was executed properly. (ECF No. 36-15, Ex. 13 at 7-8.) On July 28, 2017, the Superior Court entered final judgment in the Foreclosure Action. (ECF No. 36-19, Ex. 17.)

---

[3] On August 3, 2015, Zucker Goldberg filed for Chapter 11 bankruptcy. (ECF No. 1 ¶ 7.) On August 7, 2015, Zucker Goldberg filed a substitution of attorney whereby it withdrew from the Foreclosure Action and Parker McCay became counsel for Hudson. (*Id.* ¶ 8.) Plaintiffs allege Hudson "settled with [Zucker Goldberg] of its claims in bankruptcy court" and Parker McCay "continued to prosecute Plaintiff[s'] foreclosure case and caused damages and irreparable damages to Plaintiffs." (*Id.* ¶¶ 14-15.)

3

### i.      The First Federal Action

On July 28, 2017, Plaintiffs filed a lawsuit in the United States District Court for the District of New Jersey, *Irene Lin and Jay Lin v. Hudson City Savings Bank, M&T Bank, Parker McCay P.A., et al.*, 3:17-cv-05511 (the "First Federal Action"). Plaintiffs asserted only an FDCPA cause of action, but also filed a Motion for a Preliminary Injunction by Order to Show Cause. (No. 17-5511, ECF Nos. 1 & 12.) Following motion practice and oral argument before this Court on September 20, 2017 regarding Hudson's Motion to Dismiss, this Court dismissed Plaintiffs' complaint for lack of subject matter jurisdiction, stating in pertinent part:

> Here, the Court has the benefit of a well-reasoned state court action, which addressed all four factors of an injunction when the plaintiff sought to stay his matter pending appeal. The issue now becomes what, if any, effect does the Court give to that decision. The Court must give that decision significant consideration. In fact, the consideration that the Court gives it deprives this Court of subject matter jurisdiction. *Rooker-Feldman* prevents any finding of subject matter jurisdiction before this Court. It bars the federal courts from hearing claims by losing state litigants alleging that a state court ruling is going to cause them harm.
>
> In *Exxon Mobil* the Supreme Court stated, "The *Rooker-Feldman* doctrine we hold today is confined to cases of the kind from which the doctrine acquired its name. Cases brought by state court losers" . . . in this case the plaintiff here . . . "complained of injuries caused by state court judgments" . . . in this case the plaintiff here . . . "commenced in inviting the district court to review the rejection of those claims," which is exactly what the plaintiff is seeking here. "It does not otherwise override or supplant a preclusion doctrine or argument the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state court judgments."
>
> In this case, the plaintiff lost in state court. The plaintiff complains of the injuries that were caused by the state court judgment. Those injuries were rendered to judgment before this suit was filed, and basically the plaintiff is seeking another bite at the apple seeking this Court to review and reject the state court judgments.

> Furthermore, the plaintiff seeks redress under the FDCPA. As counsel has argued and this Court finds, the plaintiff in a state court matter was not a debt collector. They were the owner of the debt and, therefore, the act does not apply to them.
>
> For those reasons, the Order to Show Cause is denied. The complaint is dismissed, as this Court does not have subject matter jurisdiction over the matter.

(No. 17-5511, ECF No. 42 at 31:6-32:18.)[4]

On July 25, 2018, Plaintiffs filed a Notice of Appeal of this Court's dismissal of their case to the Third Circuit Court of Appeals. (No. 17-5511, ECF No. 39.) On December 10, 2018, shortly after filing this action, Plaintiffs voluntarily dismissed their appeal. (No. 17-5511, ECF No. 43.)

### B. Procedural History of this Action

On October 29, 2018, Plaintiffs filed a Complaint (the "Complaint"), in which they sought class action certification, against Defendants asserting causes of action for: violations of the automatic stay imposed by 11 U.S.C. § 362(a) (Count One); violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") (Count Two); violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.* ("NJCFA") (Count Three); and unjust enrichment (Count Four). (ECF No. 1.)

---

[4] Notably, in a June 27, 2018 Opinion and Order, this Court also denied Plaintiffs' Motion for Leave to Amend, in which Plaintiffs sought to add an NJCFA claim, which they now assert in this action. (No. 17-5511, ECF Nos. 37 & 38.) In denying Plaintiffs' Motion for Leave to Amend in the First Federal Action, this Court held, *inter alia*:

> [T]he Court reviewed, on the record, the history of the State Court Action and found [Plaintiffs] had previously challenged the writ of execution several times, including by the filing of a motion for injunctive relief, where [they] sought a stay pending an appeal in the State Court Action. Consequently, "the Court ha[d] the benefit of a well-reasoned state court [decision]" which barred this Court's review under [the] *Rooker-Feldman* [doctrine].

(No. 17-5511, ECF No. 37 at 3.)

On January 4, 2019, Hudson filed a Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 21.) On February 1, 2019, Plaintiffs filed an Opposition to Hudson's Motion to Dismiss (ECF No. 29) and on February 12, 2019, Hudson filed a Reply Brief to Plaintiffs' Opposition to its Motion to Dismiss (ECF No. 30).[5]

On January 25, 2019, Hudson filed a Motion for Sanctions seeking an order deeming Plaintiffs "vexatious litigants" and enjoining future filings. (ECF No. 27.) On February 15, 2019, Plaintiffs filed an Opposition to Hudson's Motion for Sanctions (ECF No. 32) and on February 25, 2019, Hudson filed a Reply Brief to Plaintiffs' Opposition to its Motion for Sanctions (ECF No. 34). On March 1, 2019, this Court entered an Order administratively terminating Hudson's Motion for Sanctions. (ECF No. 35.)

On March 6, 2019, Parker McCay filed a Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) as well as a Motion for Sanctions pursuant to 15 U.S.C. § 1692k and to impose pre-filing requirements pursuant to 28 U.S.C. § 1651. (ECF No. 36.) On March 22, 2019, Plaintiffs filed a Cross-Motion for Sanctions against Parker McCay as well as an Opposition to Parker McCay's Motion to Dismiss the Complaint. (ECF No. 38.) On March 25, 2019, this Court issued an Order administratively terminating Parker McCay's Motion for Sanctions as well as Plaintiffs' Cross-Motion for Sanctions, while leaving active Parker McCay's Motion to Dismiss as well as Plaintiffs' Opposition thereto. (ECF No. 39.) On April 8, 2019, Parker McCay filed a Reply Brief to Plaintiffs' Opposition to its Motion to Dismiss. (ECF No. 41.)

---

[5] Also on January 4, 2019, Plaintiffs filed an Emergency Motion for an Order to Show Cause Why a Preliminary Injunction Should Not Be Issued, seeking an order "temporarily restraining [Defendants] stay [sic] further prosecution of all foreclosure cases including Plaintiffs' case." (ECF No. 22.) On January 11, 2019, this Court denied Plaintiffs' Motion for an Order to Show Cause. (ECF No. 26.)

## II. LEGAL STANDARDS

### A. Rule 12(b)(1) Standard

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis*, 824 F.3d at 346. A facial attack "challenges the subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Id*. (citing *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual attack, on the other hand, "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id*. (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). A "factual challenge allows a court [to] weigh and consider evidence outside the pleadings." *Id*. (citation omitted). Thus, when a factual challenge is made, "no presumptive truthfulness attaches to [the] plaintiff's allegations." *Id*. (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Rather, "the plaintiff will have the burden of proof that jurisdiction does in fact exist," and the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id*.

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Davis*, 824 F.3d at 348-49 (collecting cases). "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id*. at 350 (quoting *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987)). "In this vein, when a case raises a

disputed factual issue that goes both to the merits and jurisdiction, district courts must 'demand less in the way of jurisdictional proof than would be appropriate at a trial stage.'" *Id*. (citing *Mortensen*, 549 F.2d at 892 (holding that dismissal under Rule 12(b)(1) would be "unusual" when the facts necessary to succeed on the merits are at least in part the same as must be alleged or proven to withstand jurisdictional attacks)). These cases make clear that "dismissal via a Rule 12(b)(1) factual challenge to standing should be granted sparingly." *Id*.

### B. Rule 12(b)(6) Standard

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is

liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). However, courts are "not compelled to accept 'unsupported conclusions and unwarranted inferences,'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Schuylkill Energy Res. Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)), nor "a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286.

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426 (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

9

## C. Rule 9(b)

Pursuant to Federal Rule of Civil Procedure 9(b), when alleging fraud, "a party must state with particularity the circumstances constituting fraud or mistake, although intent, knowledge, and other conditions of a person's mind may be alleged generally." *In re Lipitor Antitrust Litig.*, 868 F.3d 231, 249 (3d Cir. 2017) (citations omitted); *see also U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016) (holding that a "plaintiff alleging fraud must . . . support its allegations with all of the essential factual background that would accompany the first paragraph of any newspaper story – that is, the who, what, when, where and how of the events at issue") (citations omitted). Accordingly, "a party must plead [its] claim with enough particularity to place defendants on notice of the 'precise misconduct with which they are charged.'" *United States ex rel. Petras v. Simparel, Inc.*, 857 F.3d 497, 502 (3d Cir. 2017) (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 223-24 (3d Cir. 2004), *abrogated on other grounds by Twombly*, 550 U.S. at 557).

## III. DECISION

Defendants argue this Court lacks subject matter jurisdiction over this action pursuant to the *Rooker-Feldman* doctrine, this Court should abstain from exercising jurisdiction pursuant to the *Colorado River* abstention doctrine, Plaintiffs' claims are barred by the doctrines of collateral estoppel and *res judicata*, and that notwithstanding these doctrines, Plaintiffs fail to state a claim for which relief can be granted. (ECF No. 21-1 at 9-24; ECF No. 36-1 at 14-30.)[6] Plaintiffs argue this Court should deny Defendants' Motions to Dismiss because neither Defendant submitted

---

[6] Defendants further contend that Plaintiffs' proposed class is invalid as a matter of law and the class allegations contained in the Complaint should be dismissed or stricken. (ECF No. 21-1 at 24-27; ECF No. 36-1 at 30.)

10

Corporate Disclosure Statements as required by Rule 7.1 and Defendants' reliance on Rule 12(b)(1) is "wholly without merit in the absence of existing state court judgment[s] subject to re-litigation in federal court." (ECF No. 29 at 2-9; ECF No. 38-1 at 2-12.) This Court analyzes each argument in turn.

### A. *Rooker-Feldman* Doctrine

Pursuant to the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction to review and reverse state court judgments. *In re Knapper*, 407 F.3d 573, 580 (3rd Cir. 2005). *Rooker–Feldman* serves to bar a claim when: (1) the federal claim was actually litigated in state court before the plaintiff filed the federal action or, (2) "if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." *Id.* The Third Circuit has held a federal claim is "inextricably intertwined" with an issue adjudicated by a state court when: "(1) the federal court must determine . . . the state court judgment was erroneously entered in order to grant the requested relief or, (2) the federal court must take an action that would negate the state court's judgment." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (quoting *Walker v. Horn*, 385 F.3d 321, 330 (3d Cir. 2004)). A finding that *Rooker-Feldman* bars a litigant's claims divests a District Court of subject matter jurisdiction over those claims. *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 419 (3d Cir. 2003) (citations omitted).

Significantly,

> [f]our requirements must be met for the [*Rooker-Feldman*] doctrine to apply: (1) the plaintiff lost in state court; (2) the plaintiff complains of injury caused by the state court judgment; (3) the state court judgment was rendered before the federal suit was filed; and (4) the plaintiff invites the district court to review and reject the state court judgment.

*Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 50–51 (3d Cir. 2013) (citing *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010)). Where, on the other hand, the federal plaintiff presents "some independent claim, albeit one that denies a legal conclusion that a state court has reached," the doctrine does not apply. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005), quoted in *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547–48 (3d Cir. 2006). In such an instance, jurisdiction exists and the court should then consider "whether the defendant prevails under principles of preclusion." *Exxon Mobil*, 544 U.S. at 292.

The *Rooker-Feldman* doctrine "is a narrow doctrine that applies only in limited circumstances." *Shibles v. Bank of Am., N.A.*, No. 17-2386, 2018 WL 1448670, at *2 (3d Cir. Mar. 23, 2018) (citations omitted); *In re Philadelphia Entm't & Dev. Partners*, 879 F.3d 492, 499 (3d Cir. 2018) ("[F]ederal courts had been applying the *Rooker-Feldman* doctrine too broadly and consequently it clarified that the doctrine is confined to 'limited circumstances' where 'state-court losers complain[] of injuries caused by state-court judgments rendered before the district court proceedings commend and invit[e] district court review and rejection of those judgments.'") (citation omitted). The four requirements "must be met for the doctrine to apply." *Gage*, 521 F. App'x at 50–51.

Here, the four criteria necessary to invoke the *Rooker-Feldman* doctrine are satisfied. First, final judgment was entered in the Foreclosure Action against Plaintiffs on July 28, 2017. (ECF No. 36-19, Ex. 17.) Prior to the entry of final judgment in the Foreclosure Action, Plaintiffs argued unsuccessfully that the action should have been stayed due to Zucker Goldberg's bankruptcy and by operation of the automatic stay. (ECF No. 36-9, Ex. 7; ECF No. 36-10, Ex. 8; ECF No. 36-11, Ex. 9.) Second, Plaintiffs complain of injuries caused by the Foreclosure Action, as they

12

specifically allege "Defendants continued to prosecute Plaintiff[s'] foreclosure case and caused damages and irreparable damages to Plaintiffs." (ECF No. 1 ¶ 15.) Third, the entry of final judgment in the Foreclosure Action and the orders denying Plaintiffs' other motions were all rendered prior to Plaintiffs' filing of this action. (ECF No. 36-3, Ex. 1.) Finally, Plaintiffs seek a determination from this Court that would necessarily find that the Superior Court erred with respect to the validity of the foreclosure proceedings, thereby requiring this Court to improperly undertake the role of reviewing and overruling orders from the Superior Court.

The *Rooker-Feldman* doctrine prohibits this Court from providing relief that would reverse the decisions, directly or indirectly invalidate the determinations, prevent the enforcement of the orders, or void the rulings, orders, or judgments issued by the Superior Court in the Foreclosure Action. *See Jacobsen v. Citi Mortg. Inc.*, 715 F. App'x 222, 223 (3d Cir. 2018) (upholding dismissal of the claims brought in connection with a state foreclosure action as being barred by the *Rooker-Feldman* doctrine), *pet. for reh's & reh'g en banc denied*, No. 17-3267 (3d Cir. Apr. 30, 2018). This is true even if Plaintiffs have asserted federal claims in the Federal Action. *See Todd v. U.S. Bank Nat'l Ass'n*, 685 F. App'x 103, 105-06 (3d Cir. 2017) (upholding dismissal of the claims that were brought in connection with a state foreclosure action pursuant to the *Rooker-Feldman* doctrine, even though the plaintiff therein asserted claims under the FDCPA), *pet. for reh'g & reh'g en banc denied*, Nos. 16-1126 & 16-1255 (3d Cir. May 18, 2017), *cert. denied*, 138 S. Ct. 449 (2017).

In their opposition, Plaintiffs rely on *Chung v. Shapiro & Denardo, LLC*, No. 14-6899, 2015 WL 3746332 (D.N.J. June 15, 2015) in asserting that this Court may hear their FDCPA claim despite the Superior Court's entry of summary judgment in the Foreclosure Action. (ECF No. 29 at 4-5; ECF No. 38-1 at 5-6.) Specifically, Plaintiffs contend the FDCPA is controlling where there

is a conflict between state and federal law and that such a conflict exists between New Jersey state law and the FDCPA, which Plaintiffs assert offers "greater protections." (ECF No. 29 at 2-4; ECF No. 38-1 at 4-6.) Plaintiffs' argument is baseless. The decision in *Chung* does not address the application of the *Rooker-Feldman* doctrine whatsoever, but rather, with whether New Jersey's Fair Foreclosure Act conflicts with the FDCPA. *Chung*, 2015 WL 3746332, at *2-3. *Chung* concerned whether a debt collector's direct contact with a debtor despite his retention of counsel violated the FDCPA. *Id.* at *1. The plaintiff in *Chung* did not claim that his injuries were caused by a state court judgment nor did he invite the District Court to review or reject the judgment of the state court. *Id.* at *2-3. As such, *Chung* provides no support whatsoever to Plaintiffs' position. Accordingly, the *Rooker-Feldman* doctrine deprives this Court of subject matter jurisdiction to hear this matter.

### B. *Colorado River* Abstention Doctrine

As this Court has determined that the *Rooker-Feldman* doctrine divests it of jurisdiction, it need not consider Defendants' arguments that this Court must abstain from hearing this matter pursuant to the *Colorado River* abstention doctrine.[7] Nevertheless, this Court determines that it may abstain from hearing this matter pursuant to the *Colorado River* doctrine. Under the *Colorado River* abstention doctrine, a federal court may abstain exercising jurisdiction when there is a "parallel" concurrent proceeding pending in state court. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). In the context of *Colorado River* abstention, "parallel" means that the state and federal proceedings involve the same parties and "substantially identical claims [raising] nearly identical allegations and issues." *Nationwide Mut. Fire Ins. Co. v. George*

---

[7] Similarly, this Court also need not consider whether the entire controversy doctrine or the doctrines of *res judicata* and collateral estoppel bar Plaintiffs' claims. Nevertheless, the application of each doctrine is discussed in turn.

*V. Hamilton, Inc.*, 571 F.3d 299, 307 (3d Cir. 2009). A federal court should invoke *Colorado River* abstention only in "exceptional circumstances." *Colo. River*, 424 U.S. at 813. This Court's task "is not to find some substantial reason for the exercise of federal jurisdiction," but to determine whether exceptional circumstances "justify the surrender of that jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 (1983).[8]

Here, this action has the same parties as did the Foreclosure Action and identical underlying operative facts from which Plaintiffs claim they are entitled to relief. Plaintiffs merely craft different causes of action to seek relief from the disposition of their state case. Moreover, "exceptional circumstances," as defined in *Colorado River*, exist such that this Court should abstain from exercising jurisdiction: exercising jurisdiction over this matter would create concurrent jurisdiction as well as the potential for contradicting rulings; any ruling from this Court in Plaintiffs' favor would implicate the validity of the state court's judgments; and the state court exercised jurisdiction over this matter far before the Complaint was filed before this Court. Accordingly, this Court abstains from asserting jurisdiction.

### C. Entire Controversy Doctrine

Similarly, the entire controversy doctrine and the principles of *res judicata* and collateral estoppel bar Plaintiffs' suit. New Jersey's entire controversy doctrine is "an extremely robust claim preclusion device that requires adversaries to join all possible claims stemming from an event or series of events in one suit." *Chavez v. Dole Food Co.*, 836 F.3d 205, 228 n.130 (3d Cir. 2016). The doctrine

---

[8] In *Colorado River*, the Supreme Court identified four factors to be considered in determining whether "exceptional circumstances" exist: (1) issues created when two separate courts exercise concurrent jurisdiction over the same matter; (2) the inconvenience of the federal forum; (3) the goal of avoiding piecemeal litigation; and (4) the order in which the state and federal courts obtained respective jurisdiction. *Colo. River*, 424 U.S. at 817-18.

> requires a party to bring in one action all affirmative claims that it might have against another party or be forever barred from bringing a subsequent action involving the same underlying facts. The central consideration is whether the claims arise from related facts or the same transaction or series of transactions.

*Opdycke v. Stout*, 233 F. App'x 125, 129 (3d Cir. 2007) (marks and citations omitted); *see also Ricketti v. Barry*, 775 F.3d 611, 613 (3d Cir. 2015). "The purposes of the doctrine are threefold: (1) the need for complete and final disposition through the avoidance of piecemeal decisions; (2) fairness to parties to the action and those with a material interest in the action; and (3) efficiency and the avoidance of waste and the reduction of delay." *Ditrolio v. Antiles*, 662 A.2d 494, 502 (N.J. 1995). The Third Circuit has ruled that "[a] federal court hearing a federal cause of action is bound by New Jersey's Entire Controversy Doctrine, an aspect of the substantive law of New Jersey, by virtue of the Full Faith and Credit Act, 28 U.S.C. § 1738 (1994)." *Litgo N.J., Inc. v. Comm'r N.J. Dep't of Envtl. Prot.*, 725 F.3d 369, 400 n.2 (3d Cir. 2013) (quoting *Rycoline Prods. v. C & W Unlimited*, 109 F.3d 883, 887 (3d Cir. 1997)).

The entire controversy doctrine applies to foreclosure proceedings but encompasses only "germane" counterclaims. N.J. Ct. R. 4:64–5. New Jersey courts have held that the exact claims raised by Plaintiffs herein – FDCPA, NJCFA, and unjust enrichment – are indeed "germane" counterclaims that must be raised during a foreclosure action. *See Coleman v. Chase Home Finance, LLC*, 446 F. App'x 469, 472 (3d Cir 2011); *see also Murray v. Crystex Composites, LLC*, 618 F. Supp. 2d 352, 360 (D.N.J. 2009). Plaintiffs failed to assert these claims in the Foreclosure Action. Accordingly, the entire controversy doctrine bars Plaintiffs' suit.

### D. *Res Judicata* (Claim Preclusion)

The doctrine of "[r]es judicata, or claim preclusion, is a court-created rule that is designed to draw a line between the meritorious claim on the one hand and the vexatious, repetitious and

16

needless claim on the other hand." *Purtner v. Heckler*, 771 F.2d 682, 689-90 (3d Cir. 1985) (footnote and citation omitted). The doctrine "bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." *Duhaney v. Atty. Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010) (citing *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). "A party seeking to invoke *res judicata* must establish three elements: '(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'" *Id.* (quoting *In re Mullarkey*, 536 F.3d at 225). "The doctrine of *res judicata* bars not only claims that were brought in a previous action, but also claims that could have been brought." *In re Mullarkey*, 536 F.3d at 225 (citing *Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir. 2007)).

Here, *res judicata* bars Plaintiffs' claims against Defendants. Plaintiffs' claims arise from the same transactions and occurrences as the Foreclosure Action, and the issues raised in the Complaint both could have – and in some cases were – raised in the Foreclosure Action. (ECF No. 36-4, Ex. 2.) Moreover, it is indisputable that Plaintiffs and Hudson were parties to the Foreclosure Action and that a final judgment was entered therein. (ECF No. 36-3, Ex. 1.) Therefore, *res judicata* precludes Plaintiffs' claims.

### E. Collateral Estoppel

Finally, Plaintiffs' claims are similarly precluded by the doctrine of collateral estoppel. Collateral estoppel prevents a party from re-litigating an issue when:

> (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

*Twp. of Middletown v. Simon*, 937 A.2d 949, 954 (N.J. 2008). Here, Plaintiffs seek to re-litigate before this Court an identical issue for which a judgment on the merits was rendered in the Foreclosure Action. Accordingly, the doctrine of collateral estoppel bars Plaintiffs' suit as well.

As this Court has determined that it lacks subject matter jurisdiction to adjudicate Plaintiffs' claims, it need not analyze Defendants' arguments that Plaintiffs have failed to state claims for violations of the automatic stay pursuant to 11 U.S.C. § 362(a), violations of the FDCPA, violations of the NJCFA, and unjust enrichment. Similarly, this Court also need not consider Defendants' contentions that Plaintiffs' proposed class is invalid as a matter of law. Accordingly, Defendants' Motions to Dismiss are **GRANTED**.[9]

### IV. CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss are **GRANTED** and the Complaint is **DISMISSED WITHOUT PREJUDICE**.

Date: August 26, 2019         */s/ Brian R. Martinotti*
                                                  HON. BRIAN R. MARTINOTTI
                                                  UNITED STATES DISTRICT JUDGE

---

[9] Plaintiffs' argument that Defendants' Motions to Dismiss should be denied because Defendants failed to submit Corporate Disclosure Statements is without merit. Hudson was wholly acquired by M&T Bank in November of 2015, and as a result, is no longer an independent corporation. A Rule 7.1 Disclosure Statement was filed for M&T Bank. (ECF No. 19.) Meanwhile, Parker McCay is a professional association organized pursuant to the Professional Service Corporation Act, N.J. Stat. Ann. 14A:17-1 *et seq.* ("PSCA"). As such, Parker McCay could not possibly have a parent corporation or have 10% or more of its stock owned by a publicly held corporation, as such would be prohibited under Section 10 of the PSCA. Nevertheless, Parker McCay filed a Corporate Disclosure Statement. (ECF No. 40.)