<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JAY LIN, IRENE LIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br><br>HUDSON CITY SAVINGS BANK, M&T BANK, AND PARKER MCCAY, P.A.,<br><br>Defendants. | Case No. 3:18-cv-15387-BRM-LHG<br><br><br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendants Hudson City Savings Bank ("Hudson City") and M&T Bank's ("M&T) (collectively, "Defendants") Motion to Reopen this case for the purpose of adjudicating their renewed motion for sanctions. (ECF No. 47.) Also before this Court is Plaintiffs Jay and Irene Lin's ("Plaintiffs") Motion to (1) set aside this Court's order of dismissal and (2) for sanctions. (ECF No. 49.) Both Motions are opposed. (ECF Nos. 50 & 53.) Having reviewed the submissions filed in connection with the motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause shown, Defendants' Motion to Reopen the case is **GRANTED**, Plaintiffs' Motion to Set Aside this Court's order is **DENIED**, and Plaintiffs' Motion for Sanctions is **DENIED**.

I. **BACKGROUND**[1]

On January 4, 2019, Defendants filed a Motion to Dismiss (ECF No. 21) and, on January 25, 2019, they additionally filed a Motion for Sanctions. (ECF No. 27.) On March 25, 2019, this Court administratively terminated the Motion for Sanctions, stating that Defendants may refile their Motion for Sanctions "if appropriate and permitted by the federal and local rules, at a later date." (ECF No. 39 (the "March 25, 2019 Order").)

On August 26, 2019, this Court issued an Order (the "August 26, 2019 Order") granting Defendants' Motion to Dismiss and dismissing Plaintiffs' Complaint without prejudice. (ECF No. 43.) On September 23, 2019, Plaintiffs filed a notice of appeal informing the Court they had appealed the August 26, 2019 Order to the United States Circuit Court for the Third Circuit. (ECF No. 45.) On November 8, 2019, Defendants filed a Motion to Reopen the Case for the limited purpose of adjudicating their Renewed Motion for Sanctions. (ECF No. 47.) On November 22, 2019, Plaintiffs filed a cross-motion to (1) set aside the August 26, 2019 Order pursuant to Rule 60(b), and (2) impose sanctions on Defendants. (ECF No. 49.) On November 29, 2019, Defendants filed an Opposition to Plaintiffs' Motion. (ECF No. 50.) On February 6, 2020, the Third Circuit issued a mandate where Defendants' Motion for Summary Affirmance was granted and Plaintiffs' Motion for sanctions was denied. (ECF No. 55.)

II. **LEGAL STANDARD**

A. **Motion to Reopen Under Rule 60(b)**

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered

---

[1] For a more detailed account of the factual background, the Court refers to its August 27, 2019 Opinion. (ECF No. 44.)

evidence," *Gonzalez v. Crosby*, 545 U.S. 524, 529, (2005), as well as "inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, No. 14-6547, 2015 U.S. Dist. LEXIS 67643, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342 (3d Cir. 1987)). A Rule 60(b) motion "may not be used as a substitute for appeal, and . . . legal error, without more cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). A motion under Rule 60(b) may not be granted where the moving party could have raised the same legal argument by means of a direct appeal. *Id.*

### III. DECISION

#### A. Defendants' Motion to Reopen

Defendants request this Court reopen this case for the limited purpose of adjudicating their renewed Motion for Sanctions. (ECF No. 47-1 at 3.)

It is well established that this Court has "inherent authority both over its docket and over the persons appearing before it." *Ray v. Eyster (In re Orthopedic "Bone Screw" Prods. Liab. Litig.)*, 132 F.3d 152, 156 (3d Cir. 1997) (citing *U.S. v. Hudson*, 11 U.S. 32 (1812)). This Court initially terminated Defendants' Motion for Sanctions pending the adjudicating of their Motion to Dismiss. (ECF No. 39.) Notwithstanding the granting of the Motion to Dismiss and subsequent dismissal of this case, this Court retains the right to adjudicate collateral matters such as sanctions. *See In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 98 (3d Cir. 2008). Therefore, pursuant to this Court's March 25, 2019 Order, this Court finds it appropriate to reopen this case for the purpose of adjudicating Defendants' renewed Motion for Sanctions. Accordingly, Defendants' Motion is **GRANTED**.

### B. Plaintiffs' Motion to Set Aside Dismissal

Plaintiffs request this Court set aside its August 26, 2019 Order pursuant to Fed. R. Civ. P. 60(b). (ECF No. 49-1 at 7.) Specifically, Plaintiffs contend Defendants' "maliciously false statement" that Hudson City is no longer an independent corporation "enables the [C]ourt to grant Rule 60(b) relief setting aside the order of dismissal." (*Id.* at 9.) The Court disagrees.

Rule 60(b) allows this Court to "relieve a party . . . from a final judgment, order, or proceeding" where there is "newly discovered evidence" or "fraud, misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(2)-(3). Additionally, to prevail under 60(b), the new evidence must be material, could not have been discovered before trial, and would probably have changed the outcome of the trial. *See Compass Tech. v. Tseng Labs.*, 71 F.3d 1125, 1130 (3d Cir. 1995).

First, the "false statement" Plaintiffs allege Defendants made is not false. Evidence in the record demonstrates Hudson City merged into M&T Bank on November 1, 2015, thereby ceasing to exist as a separate entity. (*See* ECF No. 21-3, Ex. 1.) Nevertheless, even if Defendants made a "false statement," that statement is not material in that it would not "probably change the outcome" of the case. Indeed, this Court dismissed Plaintiffs' Complaint for lack of jurisdiction pursuant to *Rooker-Feldman*, *Colorado River*, the Entire Controversy Doctrine, *res judicata*, and collateral estoppel. (*See* ECF No. 44.)[2] Further, this Court confirmed Plaintiffs' contention that Defendants made a "false statement" is without merit. (*See id.* at 18 n.9.) Therefore, Plaintiffs fail to demonstrate that this Court should set aside its August 26, 2019 dismissal. Accordingly, Plaintiffs' Motion to Set Aside the August 26, 2019 Order is **DENIED.**

---

[2] On February 6, 2020, the Third Circuit granting summary affirmance as to the August 26, 2019 dismissal. (ECF No. 55.)

4

### C. Plaintiffs' Motion for Sanctions

Plaintiffs contend Defendants should be subject to sanctions because Defendants have already filed several motions for sanctions, and their current Motion to Reopen is effectively a "frivolous" appeal of the August 26, 2019 Order.[3] The Court disagrees.

First, Defendants' current Motion to Reopen is not an appeal. Additionally, the March 25, 2019 Order explicitly allowed Defendants to re-file their motion for sanctions following adjudication of their Motion to Dismiss. (ECF No. 39.) Ultimately, Plaintiffs provide no basis for imposing sanctions on Defendants or their counsel. Accordingly, Plaintiffs' Motion for Sanctions is **DENIED.**

### IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Reopen is **GRANTED**, Defendants' Motion to Set Aside is **DENIED**, and Defendants' Motion for Sanctions is **DENIED**. An appropriate order will follow.

**Date: July 1, 2020**              */s/ Brian R. Martinotti*
                                    **HON. BRIAN R. MARTINOTTI**
                                    **UNITED STATES DISTRICT JUDGE**

---

[3] The Third Circuit also denied Plaintiffs' Motion for Sanctions. (ECF No. 55.)