**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAY LIN, IRENE LIN, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> HUDSON CITY SAVINGS BANK, M&T BANK, and PARKER MCCAY, P.A., <br><br><br> Defendants. | Case No. 3:18-cv-15387 (BRM) (LHG) <br><br> **OPINION** |

MARTINOTTI, DISTRICT JUDGE

Before this Court is Defendants Hudson City Savings Bank ("Hudson City") and M&T Bank's ("M&T") (collectively, "Defendants") Renewed Motion for an Order Deeming Plaintiffs Vexatious Litigants, Enjoining Future Filings, and for Sanctions (the "Motion"). (ECF No. 47-2.) Plaintiffs Jay Lin ("Mr. Lin") and Irene Lin (collectively, "Plaintiffs") oppose the Motion and Request Imposition of Sanctions against Defendants and their Attorneys. (ECF No. 61.) Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause shown, Defendants' Renewed Motion for an Order Deeming Plaintiffs Vexatious Litigants, Enjoining Future Filings, and for Sanctions is **GRANTED in part and RESERVED in part**.

I.     BACKGROUND

This matter stems from Defendants' state foreclosure complaint filed against Plaintiffs on May 28, 2010 and styled as *M&T Bank, successor by merger with Hudson City Savings Bank v.*

*Jay J. Lin and Irene Lin, et al.*, Docket No. SWC-F-29667-10 (the "Foreclosure Action"). (ECF No. 47-2 at 2.) After several years of litigation, on December 5, 2016, the Superior Court of New Jersey granted Defendants' motion for summary judgment, and final judgment was entered against Plaintiffs on July 28, 2017. (*Id.* at 10.) Throughout the Foreclosure Action, Plaintiffs challenged Defendants' right to foreclosure by filing, *inter alia*, (1) a motion to vacate summary judgment on June 16, 2017 (the "Motion to Vacate"), (2) a motion to stay the sheriff's sale pending appeal on August 21, 2017 (the "First Motion to Stay"), (3) an emergency motion to stay the sheriff's sale on October 23, 2018 (the "Second Motion to Stay"), and (4) an appeal. (*Id.* at 11.)

On October 29, 2018, Plaintiffs filed a complaint (the "Complaint") in this Court against Defendants alleging Defendants violated, *inter alia*, the Fair Debt Collection Practices Act, 15. U.S.C. § 1692, *et seq.* ("FDCPA") and the automatic stay imposed by 11 U.S.C. § 362(a). (ECF No. 1.) On January 4, 2019, Defendants filed a motion to dismiss. (ECF No. 21.) Also on January 4, 2019, Plaintiffs filed an emergency motion for an order to show cause why a preliminary injunction should not be issued, seeking an order "temporarily restraining [Defendants] stay [sic] further prosecution of all foreclosure cases including Plaintiffs' case" (ECF No. 22) as well as a request for default against Defendants. (ECF No. 20.) On January 7, 2019, Plaintiffs were informed the request for default against Defendants could not be "entered by the Clerk as requested because of the filing of the [] Motion to Dismiss by" Defendants. On January 11, 2019 , the Court issued a memorandum order denying Plaintiffs' emergency motion for an order to show cause. (ECF No. 26.) On January 25, 2019, Defendants filed a motion for sanctions seeking an order deeming Plaintiffs "vexatious litigants" and enjoining future filings. (ECF No. 27.) On March 1, 2019, the Court administratively terminated Defendants' motion for sanctions. (ECF No. 35.) On August 26, 2019, the Court issued an order granting Defendants' motion to dismiss and dismissing

Plaintiffs' complaint without prejudice (the "August 26, 2019 Order"). (ECF No. 43.) On September 23, 2019, Plaintiffs filed a notice of appeal informing the Court they had appealed the August 26, 2019 Order to the United States Circuit Court for the Third Circuit. (ECF No. 45.) On November 8, 2019, Defendants filed a motion to reopen the case for the limited purpose of adjudicating their renewed motion for sanctions. (ECF No. 47.) On November 22, 2019, Plaintiffs filed a cross-motion to (1) set aside the August 26, 2019 Order pursuant to Rule 60(b), and (2) impose sanctions on Defendants. (ECF No. 49.) On November 29, 2019, Defendants filed an opposition to Plaintiffs' cross-motion. (ECF No. 50.) On February 28, 2020, the Third Circuit issued a mandate whereby Defendants' motion for summary affirmance was granted and Plaintiffs' motion for sanctions was denied. (ECF No. 55.) On July 1, 2020, the Court granted Defendants' motion to reopen the case for the limited purpose of adjudicating Defendants' renewed motion for sanctions motion, denied Plaintiffs' motion to set aside the August 26, 2019 Order, and denied Plaintiffs' motion for sanctions (the "July 1, 2020 Order"). (ECF No. 57.) On July 2, 2020, Plaintiffs filed a notice of appeal informing the Court they had appealed the July 1, 2020 Order to the United States Circuit Court for the Third Circuit. (ECF No. 58.) On July 31, 2020, Plaintiffs filed a response in opposition to Defendants' renewed motion for sanctions and request imposition of sanctions against Defendants and their attorneys. (ECF No. 61.) On August 10, 2020, Defendants filed a reply. (ECF No. 62.) On October 26, 2020, the Third Circuit issued a mandate whereby Defendants' motion for summary affirmance was granted and Plaintiffs' motion for sanctions was denied. (ECF No. 64.)

Presently before the Court is Defendants' Renewed Motion for an Order Deeming Plaintiffs Vexatious Litigants, Enjoining Future Filings, and for Sanctions that was filed on November 8, 2019 pursuant to the All Writs Act, 28 U.S.C. § 1651, and Federal Rule of Civil

Procedure 11. (ECF No. 47-2 at 9.) On July 31, 2020, Plaintiffs filed a response in opposition and Request Imposition of Sanctions against Defendants and their Attorneys. (ECF No. 61.) On August 10, 2020, Defendants filed a reply. (ECF No. 62.)

## II.   LEGAL STANDARD

There are two types of sanctions Defendants seek: (1) an injunction to preclude Plaintiffs from filing any future suits relating to the Foreclosure Action without leave of this Court pursuant to the All Writs Act, and (2) sanctions pursuant to Rule 11.

### A.   All Writs Act

Courts have the inherent power to protect themselves from a party's oppressive and frivolous litigation. *See Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *see also Inst. for Motivational Living, Inc. v. Doulos Inst. for Strategic Consulting, Inc.*, Civ. A. No. 03-4177, 110 F. App'x 283 (3d Cir. 2004) (finding that "the District Court had inherent authority to impose [a] . . . sanction" against a vexatious pro se litigant). Under the All Writs Act, 28 U.S.C. § 1651, district courts are authorized "to issue injunctions restricting the filing of meritless pleadings by litigants where the pleadings raise issues identical or similar to those that have already been adjudicated." *In re Packer Ave. Assocs.*, 884 F.2d 745, 747 (3d Cir. 1989). However, that power is guarded: "such injunctions are extreme remedies and should be narrowly tailored and sparingly used." *Id.*; *Abdul-Akbar v. Watson*, 901 F.2d 329, 332 (3d Cir. 1990). Nevertheless, "the district courts in this circuit may issue an injunction to require litigants to obtain the approval of the court before filing further complaints." *Abdul-Akbar*, 901 F.2d at 332; *Truong v. Barnard*, Civ. A. No. 20-00074, 2020 WL 5743035, at *5 (D.N.J. Sept. 24, 2020).

The All Writs Act provides in pertinent part, "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable

to the usages and principles of the law." 28 U.S.C. § 1651(a). According to the Third Circuit, Section 1651(a) authorizes district courts to issue an injunction, thereby restricting the access to federal courts of parties who repeatedly file frivolous lawsuits. *Abdul-Akbar,* 901 F.2d at 332; *Banda v. Corzine*, Civ. A. No. 07-4508, 2007 WL 3243917, at *19 (D.N.J. Nov. 1, 2007) (providing that it is "well within the scope of the All Writs Act . . . for a district court to issue an order restricting the filing of meritless cases by a litigant whose manifold complaints aim to subject defendants to unwarranted harassment, and raise concern for maintaining order in the court's dockets").

Importantly however, before a court issues a litigation preclusion order, the court must give notice to the litigant to show cause why the proposed injunctive relief should not issue. *Telfair v. Office of U.S. Attorney*, 443 F. App'x 674, 677 (3d Cir. 2011) (citing *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)); *Copeland v. New Jersey*, Civ. A. No. 1:18-10554, 2019 WL 494823, at *3 (D.N.J. Feb. 8, 2019); *see Robinson v. Section 23 Prop. Owner's Ass'n, Inc.*, Civ. A. No. 1:16-09384, 2018 WL 6630513, at *8 (D.N.J. Dec. 18, 2018), *aff'd*, 785 F. App'x 940 (3d Cir. 2019) (providing that "Plaintiff shall be afforded 20 days to show cause as to why he should not be enjoined from filing any complaint in this District without first seeking judicial approval").

### B.   Rule 11

Rule 11 of the Federal Rules of Civil Procedure permits a court to impose sanctions on a party who has presented a pleading, motion, or other paper to the court without evidentiary support or for "any improper purpose." Fed. R. Civ. P. 11(b). "[T]he central purpose of Rule 11 is to deter baseless filings in District Court and thus, consistent with the Rule Enabling Act's grant of authority, streamline the administration and procedure of the federal courts." *Cooter & Gell v.*

*Hartmarx Corp.*, 496 U.S. 384, 393 (1990); *Reardon v. Murphy*, Civ. A. No. 1811372, 2019 WL 4727940, at *4 (D.N.J. Sept. 27, 2019).

District courts have the power to enjoin the filing of meritless actions "where the pleadings raise issues identical or similar to those that have been adjudicated." *In re Packer Ave. Assocs.*, 884 F.2d 745, 747 (3d Cir. 1989). However, such injunctions should be "narrowly tailored and sparingly used," *id.*, because "access to the courts is a fundamental tenet to our system [and] *legitimate* claims should receive a full and fair hearing no matter how litigious the plaintiff may be," *Abdul-Akbar*, 901 F.2d at 332 (quoting *In re Oliver*, 682 F.2d 443, 446 (3d Cir. 1982)).

There are "several methods of achieving the various goals of Rule 11," including reasonable attorneys' fees, expenses, or nonmonetary directives. *Doering v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988); *see* Fed. R. Civ. P. 11(c)(4). A court is granted broad discretion in choosing the nature and severity of sanctions in a particular case. *See DiPaolo v. Moran*, 407 F.3d 140, 146 (3d Cir. 2005); *Levy v. Jaguar Land Rover N. Am., LLC*, Civ. A. No. 19-13497, 2020 WL 563637, at *8 (D.N.J. Feb. 4, 2020). The rule is intended to discourage the filing of frivolous, unsupported, or unreasonable claims by "impos[ing] on counsel a duty to look before leaping and may be seen as a litigation version of the familiar railroad crossing admonition to 'stop, look, and listen.'" *Lieb v. Topstone Indus. Inc.*, 788 F.2d 151, 157 (3d Cir. 1986); *Keyes v. Nationstar Mortg., LLC*, Civ. A. No. 20-02649, 2020 WL 6111036, at *10 (D.N.J. Oct. 16, 2020).

Although a court retains the inherent right to sanction when rules of court or statutes also provide a vehicle for sanctioning misconduct, resort to these inherent powers is not preferred when other remedies are available." *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 189 (3d Cir. 2002) "Therefore, generally, a court's inherent power should be

6

reserved for those cases in which the conduct of a party or an attorney is egregious and no other

basis for sanctions exists." *Id.* (citation omitted).

## III.   DECISION

Defendants argue Plaintiffs' serial filings not only demonstrate a complete disregard for

the authority of this Court and others, but also a pattern and practice of engaging in harassing and

vexatious conduct aimed at Defendants. (ECF No. 47-2 at 9.) Plaintiffs oppose Defendants' motion

and seek sanctions against Defendants. (ECF No. 61 at 4.) The Court agrees it is faced with

Plaintiffs' pattern of vexatious litigation in this case.

Plaintiffs' series of frivolous motions, meritless complaints, appeals, and procedurally

deficient actions have resulted in an unnecessary expenditure of time, energy, and resources of all

involved. *See Reardon v. Sell*, Civ. A. No. 88-5253, 1989 WL 85344, at *2 (D.N.J. July 24, 1989).

Indeed, Plaintiffs' arguments that the Foreclosure Action could not proceed have been rejected

time and time again. On July 21, 2017, the Honorable Margaret Goodzeit, P.J.Ch. of the Superior

Court of New Jersey, Chancery Division, in denying Plaintiffs' Motion to Vacate, noted, among

other things, Mr. Lin's supporting certification was deficient because it provided "no arguments,

case law, or facts" to support reconsideration of summary judgment. (ECF No. 47-2 at 67.)

According to Judge Goodzeit, the Motion to Vacate was "gravely untimely and improper at this

juncture," and as such, "[n]o further motions to reconsider will be entertained." (*Id.*) Also on July

21, 2017, Judge Goodzeit, in assessing Plaintiffs' motion for sanctions against Defendants,

determined the motion was grounded in "no basis . . . whatsoever" and was merely an "attempt to

delay the inevitable." (*Id.*)[1] On September 15, 2017, in assessing the First Motion to Stay, Judge

---

[1] The Chancery Court denied Plaintiffs' previous attempt to impose sanctions against Defendants on January 2, 2013, because Plaintiffs "failed to follow" the Chancery Court's September 27, 2012 order. (ECF No. 47-2 at 67 n.1.)

Goodzeit noted Plaintiffs' arguments were "raised and rejected by the Court in earlier proceedings," and "*[c]onsidering Mr. Lin is an attorney, [he] should well know that such bankruptcy has no bearing on this matter*." (*Id.* at 73 n.2.) (emphasis added). The Chancery Court also noted it was "troubled by Mr. Lin's *continued reliance*" on "irresponsible" claims. (*Id.*) (emphasis added). On August 1, 2018, the Superior Court of New Jersey, Appellate Division, affirmed Judge Goodzeit's orders denying the Motion to Vacate and motion for sanctions. The Appellate Division found Plaintiffs' "arguments [we]re without sufficient merit to warrant discussion," and affirmed "Judge Goodzeit's cogent written decision." *Hudson City Sav. Bank v. Lin*, Civ. A. No.5483-16T3, 2018 WL 3636466, at *2 (N.J. Super. Ct. App. Div. Aug. 1, 2018). On October 26, 2018, in assessing Plaintiffs' Second Motion to Stay, Judge Goodzeit denied the motion because "in addition to being filed in the wrong action, [it] fails to meet the requirements of R. 4:52, for example, by failing to provide a brief in support of the injunctive relief." (*Id.* at 118.)

Plaintiffs remained undeterred and filed a series of repetitive actions in federal court. *See Irene Lin and Jay Lin v. Hudson City Savings Bank, M&T Bank, Parker McCay P.A., et al.*, Case No. 3:17-cv-05511 (the "First Federal Court Action") and *Irene Lin v. M&T Bank, et al*, Case No. 3:18-cv-15354 (the "Second Federal Court Action"). Both the First Federal Court Action and Second Federal Court Action attack the rulings entered by the Chancery Court. The First Federal Court Action was dismissed by this Court on September 20, 2017 and Plaintiffs' motion for leave to amend was denied on June 27, 2018. (ECF No. 47-2 at 12; *see* ECF Nos. 28, 37–38.) The Second Federal Court Action was voluntarily dismissed on January 30, 2019, after Defendants brought a motion seeking to deem Plaintiffs vexatious litigants. (ECF No. 47-2; *see* ECF Nos. 9–12.)

The Court also notes Mr. Lin has been sanctioned or admonished in his capacity as attorney for his abusive and frivolous filings several times. *See, e.g.*, *In re Lin*, 647 F. App'x 107, 108 (3d

Cir. 2016) (affirming "the Bankruptcy Court's award of sanctions against Mr. Lin"); *In re Lin*, Civ. A. No. BR 13-20829, 2017 WL 1396042, at *2 (D.N.J. Apr. 18, 2017) (finding Mr. Lin continued asserting "arguments not previously raised and arguments that were substantially similar to those previously rejected by the Court. This reflects that [Mr. Lin] who has been sanctioned by the Court for similar conduct, has continued his wayward course of conduct. The Court, therefore, finds that sanctions are warranted."); *In re Lin*, Civ. A. No. BR 13-20829, 2016 WL 3951671, at *2 (D.N.J. July 21, 2016) (finding that "despite [Mr. Lin's] awareness of the applicable rules of procedure for filing a timely appeal, his appeal was untimely, and thus frivolous. Furthermore, [Mr. Lin] provided no explanation as to why the appeal of the Order was non-frivolous. Thus, the Court finds that the filing of this appeal warrants sanctions."); *In re Lin*, Civ. A. No. BR 13-20829, 2015 WL 6687997, at *2 (D.N.J. Oct. 30, 2015) (recognizing a "court should exercise this sanctioning power only in instances of serious and studied disregard for the orderly process of justice," and finding "this to be an instance where such sanctions are warranted") (citation omitted).

The Court finds the present case represents yet another attempt by Plaintiffs to re-litigate claims that have repeatedly been dismissed on various grounds by various courts. Here, Defendants' Motion requests an order (i) granting the Motion; (2) enjoining Plaintiffs from filing any future motions or pleadings related to the Foreclosure Action without prior leave of this Court; (3) imposing sanctions and awarding attorneys' fees to Defendants for the costs of defending this action; and (4) granting whatever sanctions the Court deems appropriate. (ECF No. 47-2 at 21.) Plaintiffs have persisted with their incessant filings regardless of the fact that their cause is meritless and despite being repeatedly rejected by both New Jersey state and federal court. In light of the warnings and dismissals, it should have been clear to Plaintiffs, and in particular Mr. Lin,

that pursuing their claims further would be frivolous. *See Robinson*, 2018 WL 6630513, at \*7. This Court finds in the interests of repose, finality of judgments, protection of Defendants from unwarranted harassment, and concern for maintaining order in the Court's docket, Plaintiffs are deemed vexatious litigants and are obligated to pay Defendants an award of attorneys' fees for the costs of defending this action. In that connection, Defendants must submit a fee petition with supporting materials to the Court so the Court may determine the amount of monetary sanctions to be awarded. *See Pettway v. City of Vineland*, Civ. A. No. 13-470, 2015 WL 2344626, at \*8 (D.N.J. May 14, 2015).

The Court also finds an injunction against Plaintiffs enjoining them from litigating their claims concerning the Foreclosure Action may be warranted. Before issuing a litigation preclusion order, however, the Court is obligated to permit Plaintiffs to show cause why the proposed injunctive relief should not issue. *See Telfair*, 443 F. App'x at 677. Therefore, the Court reserves on the issue of litigation preclusion until after the Court considers Plaintiffs' response to an order to show cause. *Reardon*, 2019 WL 4727940, at \*4–6; *see Banda*, 2007 WL 3243917, at \*21. Plaintiffs shall be afforded 20 days to show cause as to why they should not be enjoined from filing any future actions in this Court without first seeking judicial approval. *See Robinson*, 2018 WL 6630513, at \*9–10.

**IV.    CONCLUSION**

For the reasons set forth above, Defendants' Motion is **GRANTED in part and RESERVED in part.** Plaintiffs are **ORDERED** to show cause as to why they should not be subject to a litigation preclusion order. An appropriate order follows.


Dated: January 29, 2021


*/s/ Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**