UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAY LIN, IRENE LIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HUDSON CITY SAVINGS BANK, M&T BANK, and PARKER MCCAY, P.A.,<br><br>Defendants. | Civil Action No. 18-15387 (RK) (JBD)<br><br>**OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon a Motion to Strike and for Sanctions, (ECF No. 87), filed by Jay and Irene Lin ("Plaintiffs") and upon Plaintiffs' response to the Court's Order to Show Cause as to why they should not be subject to a litigation preclusion order, (ECF No. 79). The Court has carefully considered the parties' submissions and decides Plaintiffs' motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and for good cause shown, Plaintiffs' Motion to Strike and for Sanctions is **DENIED**. A litigation preclusion order shall be entered, and Plaintiffs shall be hereby **ENJOINED** from filing any further complaint, lawsuit, or petition in the United States District Court for the District of New Jersey arising from the issues raised in *M&T Bank, successor by merger with Hudson City Savings Bank v. Jay J. Lin and Irene Lin*, No. 29667-10, without first obtaining written permission from this Court.

I.  **BACKGROUND**

This matter arises from a state court foreclosure complaint filed by Defendants[1] against Plaintiffs entitled *M&T Bank, successor by merger with Hudson City Savings Bank v. Jay J. Lin and Irene Lin*, No. 29667-10 (the "Foreclosure Action"). (*See* "Edwards Decl.," ECF No. 47-2 at *2.)[2] During the financial crisis of 2008, Plaintiffs refinanced a mortgage with Defendants. ("Compl.," ECF No. 1 ¶ 1.) On May 28, 2010, Defendants filed a foreclosure action in the Superior Court of New Jersey in Somerset County's Chancery Division against Plaintiffs due to Plaintiffs' default based on failure to make a monthly payment and subsequent failure to cure. (*Id.* at ¶2; ECF No. 36-8, Ex. 6, at 15, 52). Throughout the Foreclosure Action, Plaintiffs challenged Defendants' right to foreclose upon Plaintiffs' property. After years of litigation, on July 28, 2017, the Superior Court of New Jersey entered final judgment against Plaintiffs. (Edwards Decl. at *10.) On October 29, 2018, Plaintiffs filed a Complaint in this Court challenging the Foreclosure Action, alleging that Defendants violated the Fair Debt Collection Practices Act, 15. U.S.C. § 1692, *et seq*. ("FDCPA"), the automatic stay imposed by 11 U.S.C. § 362(a), and the New Jersey Consumer Fraud Act. (Compl. at 4–5.) Plaintiffs also brought a claim for unjust enrichment. (*Id.* at 5.)

On January 4, 2019, Defendants moved to dismiss. (ECF No. 21.) Also on January 4, 2019, Plaintiffs filed a Request for Default against Defendants, (ECF No. 20), and an "Emergency MOTION for Order to Show Cause *Why a Preliminary Injunction Should Not be Issued*," seeking an order "temporarily restraining [Defendants] stay [sic] further prosecution of all foreclosure cases including Plaintiffs' case," (ECF No. 22). On January 7, 2019, the Clerk of Court issued a

---

[1] In 2015, Hudson City Savings Bank ("Hudson City") merged into a subsidiary of M&T Bank ("M&T") and is wholly owned by same. (ECF No. 70). As shorthand, the Court will refer to Defendants Hudson City and M&T Bank collectively as "Defendants."

[2] Citations to the record noted by an asterisk indicate citations to the page numbers per the ECF filing, not the underlying document.

written communication advising Plaintiffs that their Request for Default could not be entered; Defendants, who had filed a Motion to Dismiss, had not failed to appear. On January 11, 2019, the Court denied Plaintiffs' Emergency Motion for Order to Show Cause. (ECF No. 26.) On January 25, 2019, Defendants filed a "Motion for Sanctions *for an order deeming Plaintiffs Vexatious Litigants, Enjoining Future Filings, and for Sanctions*." (ECF No. 27.) On March 1, 2019, the Court administratively terminated Defendants' Motion for Sanctions. (ECF No. 35.) On August 26, 2019, the Court granted Defendants' Motion to Dismiss and dismissed Plaintiffs' complaint without prejudice (the "August 26, 2019 Order"). (ECF No. 43.)

On September 23, 2019, Plaintiffs filed a notice of appeal informing the Court they had appealed the August 26, 2019 Order to the Third Circuit. (ECF No. 45.) Thereafter, on November 8, 2019, Defendants filed a "Motion to Reopen Case *For The Limited Purpose Of Adjudicating Defendants' Renewed Motion For Sanctions*." (ECF No. 47.) On November 22, 2019, Plaintiffs filed a Cross-Motion to (1) set aside the August 26, 2019 Order, and (2) impose sanctions on Defendants. (ECF No. 49.) On February 28, 2020, the Third Circuit issued a Mandate whereby Defendants' motion for summary affirmance was granted and Plaintiffs' motion for sanctions was denied. (ECF No. 55.)

On July 1, 2020, the Court granted Defendants' Motion to Reopen the case for the limited purpose of adjudicating Defendants' renewed motion for sanctions and denied Plaintiffs' Cross-Motion to set aside the August 26, 2019 Order and for sanctions (the "July 1, 2020 Order"). (ECF No. 57.) On July 2, 2020, Plaintiffs filed a second notice of appeal informing the Court they had appealed the July 1, 2020 Order to the Third Circuit. (ECF No. 58.) On July 31, 2020, Plaintiffs, in response to Defendants' renewed motion for sanctions, requested that the Court instead impose sanctions against Defendants. (ECF No. 61.) On October 26, 2020, the Third Circuit issued a

second mandate whereby Defendants' motion for summary affirmance was granted and Plaintiffs' motion for sanctions was denied. (ECF No. 64.)

On January 1, 2021, the Court granted in part Defendants' Renewed "Motion for Sanctions *for an order deeming Plaintiffs Vexatious Litigants, Enjoining Future Filings, and for Sanctions.*" (ECF No. 65.) First, the Court deemed Plaintiffs vexatious litigants, reasoning that "Plaintiffs' serial filings not only demonstrate a complete disregard for the authority of this Court and others, but also a pattern and practice of engaging in harassing and vexatious conduct aimed at Defendants." (*Id.* at 7.) Next, the Court found that Plaintiffs were obligated to pay Defendants an award of attorneys' fees for the costs of defending this action. (*Id.* at 10.) Finally, the Court held that "an injunction against Plaintiffs enjoining them from litigating their claims concerning the Foreclosure Action may be warranted." (*Id.*) However, because the Court was obligated to provide Plaintiffs an opportunity to be heard on this issue, the Court ordered Plaintiffs to show cause as to why they should not be enjoined from filing any future actions concerning the Foreclosure Action in this Court without prior judicial approval. (*Id.*) On September 13, 2022, Plaintiffs filed a response to the Court's Order to Show Cause, (ECF No. 79), and on September 14, 2022, Defendants filed an Application/Petition for Attorneys' Fees and Costs, (ECF No. 80).

On May 15, 2023, this case was reassigned to the Undersigned. (ECF No. 85.) Thereafter, on July 21, 2023, Defendants filed a letter providing the Court with a status update regarding the remaining issues in this case. (ECF No. 86.) That same day, Plaintiffs moved to strike Defendants' letter "for failure to comply with [Federal Rule of Civil Procedure] 7.1," which requires the filing of Corporate Disclosure Statements. (ECF No. 87.) On August 7, 2023, Defendants filed a response, (ECF No. 88), and on August 14, 2023, Plaintiffs filed a reply, (ECF No. 89). This Opinion will address (1) whether a litigation preclusion order should issue and (2) Plaintiffs'

pending Motion Strike. Defendants' Application/Petition for Attorneys' Fees and Costs will be addressed in a subsequent Order.

## II. LEGAL STANDARD

### A. Litigation Preclusion Order

Under the All Writs Act, 28 U.S.C. § 1651,[3] district courts are authorized "to issue injunctions restricting the filing of meritless pleadings by litigants where the pleadings raise issues identical or similar to those that have already been adjudicated." *In re Packer Ave. Assocs.*, 884 F.2d 745, 747 (3d Cir. 1989); *Banda v. Corzine*, No. 07-4508, 2007 WL 3243917, at *19 (D.N.J. Nov. 1, 2007) (providing that it is "well within the scope of the All Writs Act . . . for a district court to issue an order restricting the filing of meritless cases by a litigant whose manifold complaints aim to subject defendants to unwarranted harassment, and raise concern for maintaining order in the court's dockets"). However, "such injunctions are extreme remedies and should be narrowly tailored and sparingly used." *Id.*; *Abdul-Akbar v. Watson*, 901 F.2d 329, 332 (3d Cir. 1990). Nevertheless, "the district courts in [the Third] [C]ircuit may issue an injunction to require litigants to obtain the approval of the court before filing further complaints." *Abdul-Akbar*, 901 F.2d at 332; *see, e.g., Jaye v. United States*, No. 22-00035, 2022 WL 4018050, at *1 (D.N.J. Sept. 1, 2022); *Reardon v. New Jersey*, No. 13-5363, 2021 WL 2376735, at *1 (D.N.J. June 10, 2021), *aff'd in part, dismissed in part*, No. 21-2311, 2022 WL 336995 (3d Cir. Feb. 4, 2022), *cert. denied*, 143 S. Ct. 2449 (2023); *Robinson v. Section 23 Prop. Owner's Ass'n, Inc.*, No. 16-09384, 2019 WL 277593, at *2 (D.N.J. Jan. 22, 2019). Before a court issues a litigation preclusion order, the court must give notice to the litigant to show cause as to why the proposed injunctive relief

---

[3] The All Writs Act provides in pertinent part, "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of the law." 28 U.S.C. § 1651(a).

5

should not issue. *Telfair v. Office of U.S. Attorney*, 443 F. App'x 674, 677 (3d Cir. 2011) (citing *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)); *Copeland v. New Jersey*, Civ. A. No. 1:18-10554, 2019 WL 494823, at *3 (D.N.J. Feb. 8, 2019); *see Robinson v. Section 23 Prop. Owner's Ass'n, Inc.*, No. 16-9384, 2018 WL 6630513, at *8 (D.N.J. Dec. 18, 2018), aff'd, 785 F. App'x 940 (3d Cir. 2019).

      B. <u>Motion to Strike and Sanctions</u>

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed R. Civ. P. 12(f). "This standard essentially translates into application of the standards of a Rule 12(b)(6) motion to dismiss, with the understanding that a motion to strike should be granted sparingly." *Eisai Co., Ltd. V. Teva Pharmaceuticals USA, Inc.*, 629 F. Supp. 2d 416, 424 (D.N.J. June 26, 2009). "[M]otions to strike are highly disfavored." *Id.* To succeed on a motion to strike, the moving party must show that the allegations in the complaint "have no possible relation to the controversy and may cause prejudice to one of the parties, or [that] the allegations confuse the issues." *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2009).

Rule 11 of the Federal Rules of Civil Procedure permits a court to impose sanctions on a party who has presented a pleading, motion, or other paper to the court without evidentiary support or for "any improper purpose." Fed. R. Civ. P. 11(b). "[T]he central purpose of Rule 11 is to deter baseless filings in district court[s] and thus, consistent with the Rule Enabling Act's grant of authority, streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990); *Reardon v. Murphy*, No. 1811372, 2019 WL 4727940, at *4 (D.N.J. Sept. 27, 2019).

6

### III.   DISCUSSION

####     A. Litigation Preclusion Order

The Court first addresses whether Plaintiffs should be subject to a litigation preclusion order. The Court concludes that this extreme remedy is warranted.

On November 8, 2019, Defendants moved for an order enjoining Plaintiffs from "future filings, absent prior court approval, relating to the Foreclosure Action." (ECF No. 47-2 at *23). Rather than respond to Defendants' arguments, Plaintiffs argued that *Defendants* should be subjected to sanctions for failing to comply with Federal Rule of Civil Procedure 7.1—an argument that Plaintiffs have raised multiple times before. (ECF No. 61; *see also* ECF Nos. 29, 38.) Years later, on August 25, 2022, the Court provided Plaintiffs with yet additional time (twenty (20) days) to show cause as to why such a litigation preclusion order should not be entered. (ECF No. 66.) Plaintiffs responded. (ECF No. 79.) However, Plaintiffs again failed to address why they should not be subject to a litigation preclusion order and instead devoted all eight (8) pages of their response to rehashing their argument that Defendants failed to comply with Rule 7.1 during the course of this litigation. (*Id.*)[4] Plaintiffs allege that the Court suspended Rule 7.1 to assist Defendants, (*id.* at 2), that the Court has ignored Defendants' refusal to comply with same, (*id.*), and that, as a result, the Court has "failed to abide by the Code of Conduct for United States Judges and ignored the recusal rule," (*id.* at 7). Plaintiffs ask the Court to "vacate all orders entered, strike all Defendants' filing [sic] in the Court and enjoin all Defendants' future filing in this case." (*Id.* at 8.) At no point in Plaintiffs' response to the Court's Order to Show Cause do Plaintiffs address why *they* should not be enjoined from filing complaints in this District. Notwithstanding Plaintiffs'

---

[4] Plaintiffs also filed a second "Response" after Defendants filed their Application/Petition for Attorney's Fees and Costs—parts of which are carbon copies of Plaintiff's response to the Court's Order to Show Cause—which also argues that Defendants failed to comply with Rule 7.1. (ECF No. 81.)

failure to substantively respond to the Court's order, given that litigation preclusion orders are extreme remedies, the Court will carefully consider whether Plaintiffs have filed repetitive, meritless pleadings and engaged in unwarranted harassing and vexatious conduct such that imposition of such an order is appropriate.

This case marks the fourth attempt by Plaintiffs to challenge the Foreclosure Action. In its Opinion deeming Plaintiffs vexatious litigants, the Court chronicled in detail Plaintiffs' history of "frivolous motions, meritless complaints, appeals, and procedurally deficient actions . . . resulting in an unnecessary expenditure of time, energy, and resources of all involved." (ECF No. 65 at 7.) Nonetheless, the Court recounts that history again here. First, throughout the underlying Foreclosure Action, Plaintiffs challenged Defendants' entitlement to foreclosure. *M&T Bank, successor by merger with Hudson City Savings Bank v. Jay J. Lin and Irene Lin*, No. 29667-10; (*see also* Edwards Decl., at *42–57.) The New Jersey Superior Court rejected Plaintiffs' arguments multiple times and, on December 5, 2016, granted summary judgment in favor of Defendants. (*Id.* at *65.) Thereafter, Plaintiffs filed a Motion to Vacate and a Motion for Sanctions. The New Jersey Superior Court denied the Motion to Vacate, noting that many of Plaintiffs' allegations had already been addressed, (*id.*), and concluding that Plaintiffs' motion was "gravely untimely and improper" and provided "no arguments, case law, or facts to warrant reconsideration of the . . . Order granting summary judgment," (*id.* at *67). The New Jersey Superior Court also denied Plaintiffs' Motion for Sanctions as advancing "almost identical claims as their motion to vacate" and providing "no basis . . . whatsoever" to impose sanctions. (*Id.*) The New Jersey Superior Court concluded: "[i]n sum, both of defendants' motions lack merit entirely." (*Id.*) Nonetheless, Plaintiffs filed a Motion to Stay writ of execution pending appeal and a Motion to Stay the sheriff's sale of Plaintiffs' property, both of which were denied. (*Id.* at *69, *74).

8

Unsatisfied with the results of the Foreclosure Action, Plaintiffs tried to challenge same through a series of repetitive lawsuits in both state and federal court. First, on July 28, 2017, Plaintiffs filed a federal case in this Court. *See Irene Lin and Jay Lin v. Hudson City Savings Bank, M&T Bank, Parker McCay P.A., et al.*, Case No. 17-05511; (Edwards Decl. at *76, *79). On August 28, 2017, Plaintiffs filed an Emergency Motion for Order to Show Cause for a Temporary Restraining Order ("TRO"), seeking to enjoin the foreclosure of the property and arguing that Defendants violated the FDCPA and the automatic stay imposed by 11 U.S.C. § 362(a). (*Irene Lin and Jay Lin*, Case No. 17-05511, ECF No. 6 at 2.) The very next day, the Court denied Plaintiffs' motion. (*Id.*, ECF No. 10 at 1.) Plaintiffs also filed a Request for Default against Defendants, which the Clerk of Court advised could not be granted. The next day, Plaintiffs filed another Emergency Motion for an Order to Show Cause for a TRO. (*Id.*, ECF No. 11.) Thereafter, the Court dismissed Plaintiffs' Complaint for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine and denied Plaintiffs' motion for a TRO as moot. (*Id.*, ECF No. 28; *see also id.*, ECF No. 37 at 3.) Plaintiffs subsequently sought leave to amend the Complaint, which the Court denied on the basis that amendment would be futile. (*Id.*, ECF No. 37 at 5.) Plaintiffs appealed the denial to Third Circuit, and the appeal was dismissed on December 10, 2018. (*Id.*, ECF Nos. 39, 43.)

While their appeal was pending in the Third Circuit, Plaintiffs decided to try their hand in state court. On October 24, 2018, Plaintiffs filed a Complaint in New Jersey Superior Court in Somerset County's Chancery Division. *Irene Lin v. M&T Bank and Sheriff of Somerset County*, Case No. 21453-18; *see also* Edwards Decl. at *91). In their state court action, Plaintiffs challenged the writ of execution of the sheriff's sale on the foreclosed-upon property and requested that they be permitted to redeem the sale. (*Id.* at *91–92.) Again, Plaintiffs filed a Motion for an Order to Show Cause why a preliminary injunction should not issue. (*Id.* at *93.) On October 26, 2018, the

9

New Jersey Superior Court dismissed Plaintiffs' Complaint. (*Id.* at *118.) The New Jersey Superior Court reasoned that any relief sought in relation to the Foreclosure Action "must be sought under [the Foreclosure Action's] caption and docket number" and that any attempts to enjoin the sheriff's sale had already been rejected. (*Id.*)

Nonetheless, Plaintiffs ignored the admonishments of the state court and, that same day, filed yet another federal case in this Court related to the Foreclosure Action. *Irene Lin v. M&T Bank, et al.*, Case No. 18-15354; (*see also* Edwards Decl. at *120). This complaint is essentially identical to the complaint that was filed and dismissed in New Jersey Superior Court. (*Compare id.* at *91 *with id.* at *120). Plaintiffs again challenged the writ of execution of the sheriff's sale on the foreclosed-upon property and requested that they be permitted to redeem the sale. On January 25, 2019, Defendants filed a Motion to Dismiss and a Motion for an Order Deeming Plaintiffs Vexatious Litigants. (*Id.* at *145–46.) Just a few hours later, Plaintiffs voluntarily dismissed the case. (*Id.* at *146.)

On October 29, 2018, just three days after filing their second federal case in this Court, Plaintiffs filed the present case. (ECF No. 1.) Plaintiffs are treading a well-worn path in this action, advancing the same positions argued and rejected in previous litigation. As in Plaintiffs' first federal case in this Court, Plaintiffs alleged that Defendants violated the FDCPA and the automatic stay imposed by 11 U.S.C. § 362(a), moved for an order to show cause why a preliminary injunction should not issue, and improperly requested default against Defendants.

Ultimately, on January 31, 2021, the Court deemed Plaintiffs vexatious litigants. (ECF Nos. 65, 66.) In addition to chronicling Plaintiffs' obstructive conduct in the repetitive litigation pertaining to the Foreclosure Action, the Court also pointed out that "Mr. Lin [who is an attorney licensed to practice law in the State of New Jersey] has been sanctioned or admonished in his

capacity as attorney for his abusive and frivolous filings several times" in other cases. (ECF No. 65 at 8–9 (citing *In re Lin*, 647 F. App'x 107, 108 (3d Cir. 2016) (affirming "the Bankruptcy Court's award of sanctions against Mr. Lin"); *In re Lin*, No. BR 13-20829, 2017 WL 1396042, at *2 (D.N.J. Apr. 18, 2017) (sanctioning Mr. Lin for, notwithstanding having been sanctioned by the Court for similar conduct, asserting "arguments that were substantially similar to those previously rejected by the Court."); *In re Lin*, No. BR 13-20829, 2016 WL 3951671, at *2 (D.N.J. July 21, 2016) (finding that "despite [Mr. Lin's] awareness of the applicable rules of procedure for filing a timely appeal, his appeal was untimely, and thus frivolous. Furthermore, [Mr. Lin] provided no explanation as to why the appeal of the Order was non-frivolous. Thus, the Court finds that the filing of this appeal warrants sanctions."); *In re Lin*, No. BR 13-20829, 2015 WL 6687997, at *2 (D.N.J. Oct. 30, 2015) (recognizing a "court should exercise this sanctioning power only in instances of serious and studied disregard for the orderly process of justice," and finding "this to be an instance where such sanctions are warranted") (citation omitted)); *see also In re Lin*, No. BR 13-20829, 2017 WL 1396042, at (D.N.J. April 18, 2017) (finding that Mr. Lin's conduct reflects "serious and studied disregard" for the orderly process of justice and that he has continued to raise arguments "substantially similar to those previously rejected" and to file motions that are "entirely meritless").)

    Having reviewed the history of this case and of others previously filed by Plaintiffs, the Court finds there is no question that: (1) Plaintiffs have filed meritless pleadings that raise issues identical or similar to those that have already been adjudicated, (2) Plaintiffs have engaged in unwarranted harassing and vexatious conduct aimed at Defendants, and (3) Plaintiffs should be enjoined from filing further complaints pertaining to the Foreclosure Action without prior judicial approval. Having failed to substantively respond to the Court's Order to Show Cause, Plaintiffs

have provided no defense or explanation for their obstructive behavior and repetitive filings. The Court therefore finds that there is no cause to delay the entry of a litigation preclusion order so as finally to bring an end to Plaintiffs' serial and protracted abuse of the judicial system, in both state and federal court (at both the trial and appellate level) while also causing Defendants to unnecessarily expend significant time and financial resources to defend Plaintiffs' unrelenting and recycled legal and factual claims. Therefore, as set forth in greater detail in an accompanying Order issued on this date, the Court will enter a litigation preclusion order against Plaintiffs.

### B. Motion to Strike and Sanctions

Having determined that a litigation preclusion order is warranted, the Court next turns to Plaintiffs' pending Motion to Strike and for Sanctions. Plaintiffs argue that the Court should strike Defendants' July 21, 2023 letter providing a status update to the Court. The sole basis for Plaintiffs' motion is their assertion that Defendants failed to comply with Rule 7.1's corporate disclosure requirement. (ECF No. 87 at 1.) Plaintiffs request that the Court strike "all Defendants future filing[s]" and sanction Defendants for "continued refusal to comply with [R]ule 7.1." (*Id.* at 2.)

The Court denies Plaintiffs' motion for two reasons: (1) Federal Rule of Civil Procedure 12(f), which governs motions to strike, does not apply to letters such as the one filed by Defendants, and (2) the Court has previously rejected Plaintiffs' argument and determined that Defendants complied with Rule 7.1. First, Rule 12(f) allows a court to strike portions of a "pleading." Fed. R. Civ. P. 12(f). According to Rule 7(a), "pleadings" include complaints, answers, or, if the court orders them, replies to answers. Fed. R. Civ. P. 7(a). "Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f)." *Shu v. Wang*, No. 10-5302, 2016 WL 6080199, at *14 (D.N.J. Oct. 17, 2016) (quoting 5C Charles A. Wright and Arthur R. Miller,

Federal Practice and Procedure § 1382 (3d ed. 2022); *In re Amarin Corp. PLC.*, No. 13-6663, 2015 WL 3954190, at *3 n.5 (D.N.J. June 29, 2015) (same). Because Rule 12(f) does not apply to documents outside of the pleadings, Plaintiffs' motion to strike is not the proper vehicle to challenge Defendants' compliance with Rule 7.1. Rule 7.1 also provides no authority for the proposition that failing to comply with same provides grounds for striking a document, nor have Plaintiffs identified any other authority. Moreover, even if Rule 12(f) applied, there is nothing "redundant, immaterial, impertinent, or scandalous" in Defendants' letter that would warrant striking the document. Fed. R. Civ. P. 12(f).

Second, the Court has already rejected Plaintiffs' argument that Defendants violated Rule 7.1. For example, Plaintiffs argued that Defendants' Motion to Dismiss should be denied based on Defendants' alleged failure to submit Corporate Disclosure Statements, and on August 26, 2019, the Court rejected the argument as "without merit." (ECF No. 44 at 18 n.9). The Court explained that a Rule 7.1 Disclosure Statement was filed for M&T Bank. (*Id.*; ECF No. 19.) Because Hudson City was wholly acquired by M&T Bank, it is no longer an independent corporation and need not submit its own Disclosure Statement. (ECF No. 44 at 18 n.9; *see also* ECF No. 56 at 4 ("Hudson City merged into M&T Bank on November 1, 2015, thereby ceasing to exist as a separate entity."))

That Defendants have complied with Rule 7.1 constitutes the law of the case. "Under the law-of-the-case doctrine, when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Am. C.L. Union v. Mukasey*, 534 F.3d 181, 187 (3d Cir. 2008) (quotation marks and citation omitted). Therefore, the Court's pervious determination that Defendants did not violate Rule 7.1 governs the Court now. Even if the law-of-the-case doctrine did not apply, the Court finds that Defendants have complied with

Rule 7.1 because Hudson City *became* M&T Bank and, as such, Hudson City was not required to file a separate Corporate Disclosure Statement. (*See* ECF No. 51-1 at § 1.8; ECF No. 51-3.)[5]

Finally, the Court finds no basis to impose sanctions under Rule 11 against Defendants. Defendants' letter does not lack evidentiary support nor does the Court find it was filed for "any improper purpose." Fed. R. Civ. P. 11(b). Accordingly, Plaintiffs' Motion to Strike and for Sanctions is **DENIED**.

---

[5] Even if it were required to file a separate statement, Hudson City offered to file an amended disclosure statement, (ECF No. 30 at 3 n.3), and on March 4, 2021, filed a supplemental Corporate Disclosure Statement identifying M&T Bank as its corporate parent, (ECF No. 70).

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Strike and for Sanctions is **DENIED**. A litigation preclusion order shall be entered, and Plaintiffs shall be hereby **ENJOINED** from filing any further complaint, lawsuit, or petition in the United States District Court for the District of New Jersey arising from *M&T Bank, successor by merger with Hudson City Savings Bank v. Jay J. Lin and Irene Lin*, No. 29667-10, without first obtaining written permission from this Court in compliance with the litigation preclusion order, as set forth in an accompanying Order.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: October 17, 2023