UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAY LIN, *et al.*, | Civ. No. 18-15387 (RK)(JBD) |
| Plaintiffs, | |
| v. | MEMORANDUM ORDER |
| HUDSON CITY SAVINGS BANK, *et al.*, | |
| Defendants. | |

Before the Court is a renewed fee petition filed by defendants Hudson City Savings Bank and M&T Bank (collectively, "Hudson City") seeking an order directing plaintiffs, Jay Lin and Irene Lin, to pay defendants' attorneys' fees pursuant to Rule 11 of the Federal Rules of Civil Procedure. [Dkt. 80]. For the reasons set forth below, the Court grants Hudson City's fee petition in full.[1]

---

[1] This Court has authority to enter this order on a non-dispositive matter pursuant to 28 U.S.C. § 636(b)(1)(A). *See, e.g.*, *E.I.H. v. Fair Lawn Bd. of Educ.*, Civ. No. 15-8658 (KSH), 2021 WL 1153139 at *2 (D.N.J. Mar. 25, 2021) (explaining that "[f]ee award determinations are non-dispositive, and magistrate judges are therefore empowered to decide them rather than recommend a disposition.") (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(a)(1); *Moran v. Davita*, Civ. No. 06-5620 (JAP), 2013 WL 3810703, at *2 (D.N.J. July 22, 2013) ("Because a fee award determination is non-dispositive, the Court has reviewed the R&R under the 'clearly erroneous or contrary to law' standard set forth in the Magistrate Act . . . .")).

I.   BACKGROUND

The Court sets forth here only those facts necessary to resolve Hudson City's fee application. After repeated frivolous filings in this case, this Court found plaintiffs to be vexatious litigants and sanctioned them, pursuant to Rule 11, by awarding Hudson City its attorneys' fees and costs:

> This Court finds in the interests of repose, finality of judgments, protection of Defendants from unwarranted harassment, and concern for maintaining order in the Court's docket, Plaintiffs are deemed vexatious litigants and are obligated to pay Defendants an award of attorneys' fees for the costs of defending this action. In that connection, Defendants must submit a fee petition with supporting materials to the Court so the Court may determine the amount of monetary sanctions to be awarded.

[Dkts. 65, 66].

Thereafter, on February 18, 2021, Hudson City submitted a fee petition requesting an order that plaintiffs reimburse it all fees and costs incurred defending the suit. [Dkt. 69]. The Court acknowledged Hudson City's fee petition but reserved ruling on it pending plaintiffs' appeal in the Third Circuit. [Dkt. 71]. On April 13, 2022, the Third Circuit dismissed plaintiffs' appeal. [Dkt. 75]. This Court then entered an order directing Hudson City to submit a renewed fee petition by September 14, 2022, and plaintiffs to file any objections by September 28, 2022. [Dkt. 78]. On September 14, 2022, Hudson City submitted the present fee petition and plaintiffs responded on September 27, 2022. [Dkt. 81]. Although they timely responded, plaintiffs did not identify any specific objections to Hudson City's fee petition for legal fees and expenses. Instead, plaintiffs argued—as they have done repeatedly in this case—that defendants did not comply with their Rule 7.1

2

corporate disclosure obligations. (This Court repeatedly has rejected that argument.) The Court now considers Hudson City's fee petition.

II. LEGAL STANDARDS

Pursuant to Local Civil Rule 54.2, an attorney seeking compensation for services rendered in actions in which the Court orders that a party pay another party's attorneys' fees shall:

> (a) File within 30 days of the entry of judgment or order, unless extended by the Court, a motion for fees and expenses in accordance with L. Civ. R. 7.1. The motion shall include any affidavits or other documents complying with 28 U.S.C. § 1746 setting forth the following:
>
> > (1) the nature of the services rendered . . . the responsibility assumed, the result obtained, any particular novelty or difficulty about the matter, and other factors pertinent to the evaluation of the services rendered;
> >
> > (2) a record of the dates of services rendered;
> >
> > (3) a description of the services rendered on each of such dates by each person of that firm including the identity of the person rendering the service and a brief description of that person's professional experience;
> >
> > (4) the time spent in the rendering of each of such services; and
> >
> > (5) the normal billing rate for each of said persons for the type of work performed.

L. Civ. R. 54.2(a).

As described above, this Court already has found plaintiffs to be vexatious litigants; as a result of that finding, the Court recently issued a litigation preclusion order barring them from "filing any further complaint, lawsuit, or petition in the United States District Court for the District of New Jersey arising from the

3

underlying Foreclosure Action . . . without first obtaining written permission from this Court." [Dkt. 91].  Moreover, given plaintiffs' patently frivolous litigation tactics in this case, the Court also ordered that they must pay the attorneys' fees that Hudson City incurred in defending this entire lawsuit.  Accordingly, the Court, applying the applicable legal standards, here must only determine a reasonable amount to award defendants.  In doing so, the Court is mindful that it "has an independent duty to satisfy itself that the defense fees requested are reasonable— *i.e.*, that they are the product of reasonable hourly rates for services that were not redundant or over-reactive to the vexatious strategies of plaintiff's counsel." *Alphonso v. Pitney Bowes, Inc.*, 356 F. Supp. 2d 442, 460 (D.N.J. 2005).  Yet the "analysis of defense efforts, of course, must also appreciate the fact that defense counsel were called upon to respond to vexatious litigation tactics that multiplied the proceedings." *Id.*

The Court may "include all or part of the movant's fees and expenses directly resulting from the Rule 11 violation[] to the extent warranted for effective deterrence."  *City of Atlantic City v. Zemurray St. Cap., LLC*, Civ. No. 14-05169 (NLH), 2022 WL 92802, at *2 (D.N.J. Jan. 10, 2022) (citation omitted).  Although the Rule 11 sanctions context does not strictly require the Court to apply a traditional "lodestar" formula, it is often helpful for the Court to do so.  *Id.* (noting that while application of the lodestar formula is not required in the Rule 11 sanctions context, courts in this Circuit often use it to assess the reasonableness of a fee request); *Hightower v. Ingerman Mgmt. Co.*, Civ. No. 17-08025 (CPO), 2022 WL 19266261,

at *2 (D.N.J. June 21, 2022) (same). That "requires a two-step analysis: first, the Court must determine the appropriate hourly rate and second, the Court must consider whether the amount of hours billed for the work completed was appropriate." *Hightower*, 2022 WL 19266261, at *2.

Once the Court calculates the lodestar amount, it must consider whether any mitigating factors warrant reduction of the award. The Third Circuit has identified examples of such mitigating factors: whether the attorney or party has already been subject to adverse press scrutiny as a result of the sanctions imposed; whether the attorney has been subject to at least one other disciplinary action; whether any other evidence would tend to substantiate a claim that the party has already been deterred sufficiently from filing frivolous actions; the attorney's or party's history of filing frivolous actions or alternatively, his or her good reputation; the defendant's need for compensation; the degree of frivolousness; whether the frivolousness also indicated that a less sophisticated or expensive response was required; the sanctioned party's ability to pay; and the importance of not discouraging particular types of litigation which may provide the basis for legislative and executive ameliorative action when the courts lack power to act. *See id.* at *3 (citing *Keister v. PPL Corp.*, 318 F.R.D. 247, 272 (M.D. Pa. 2015) (in turn quoting *Doering v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191, 195-97 (3d Cir. 1988))).

III.  DISCUSSION

Hudson City's fee petition meets the requirements that Local Civil Rule 54.2 prescribes. Hudson City submitted a well-organized and detailed fee petition requesting $110,643.86—the total amount of attorneys' fees and costs that it paid to its counsel between November 24, 2018 and August 31, 2022 defending this suit. For nearly four years, Hudson City responded to and defended against plaintiffs' repeated and frivolous motions, letters, and appeals. Hudson City's fee petition here is a comprehensive, 182-page application that includes detailed descriptions of the professional experience of each attorney who participated in the representation of Hudson City in this case; detailed entries of each attorney's hours and rates, along with descriptions and dates of the specific services and tasks that each attorney performed while defending this suit. [Dkt. 81, Exs. A, B].  For the reasons described below, the Court accepts as the lodestar the entire amount—$110,643.86—that Hudson City seeks in its fee petition. The Court then concludes by finding no basis to adjust that amount downward for mitigating (or any other) reasons.

A.   Appropriate Hourly Rates

When assessing the reasonableness of hourly rates, the Court considers the "relevant community" and the prevailing market rates applicable therein. *See In re Ins. Brokerage Antitrust Litig.*, 297 F.R.D. 136, 157 (D.N.J. 2013) (citing *Lanni v. New Jersey*, 259 F.3d 146, 149-50 (3d Cir. 2001) ("The market rate to be used [in calculating a lodestar hourly rate] is the current prevailing market rate at the time the request for fees is made."). Generally, the Third Circuit follows the "forum

rate" rule which—subject to two exceptions that are not applicable here—requires the Court to apply the hourly rates prevailing in the forum of the litigation. *See Pocono Mt. Sch. Dist. v. T.D.*, 2023 WL 2983501 (3d Cir. Apr. 18. 2023) (quoting *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 705 (3d Cir. 2005) ("[I]n most cases, the relevant rate is the prevailing rate in the forum of the litigation . . . .")).

Here, plaintiffs filed this case in this Court and Hudson City was represented by counsel employed at a Philadelphia law firm. Hudson City's fee petition identifies the hourly rates at which each of the four assigned attorneys' time were billed in this case, as well as that of paralegals and other administrative staff. Specifically, across the entire four-year case, partners billed between $310 and $450 per hour; associates billed at $280 and $375 per hour; and paralegals billed between $128 and $155 per hour.[2] The hourly rates set forth in the petition are supported by and consistent with the reasonable hourly rates articulated by Community Legal Services of Philadelphia ("CLS") for attorneys' fees in the Philadelphia legal market. [Dkt. 80, Ex. C].

The Court accepts the hourly rates set forth in the petition as a reasonable reflection of prevailing market rates in Trenton at the time that this case was litigated. Indeed, multiple courts in this district have adopted the CLS rates as a

---

[2] The petition notes that from the beginning of the case through May 2020, partners billed at rates between $310 and $333 per hour, but that in May 2020, their rates increased to $390 and $450 per hour. Likewise, from the beginning of the case through May 2020, the assigned associate billed at a rate between $280 and $310 per hour, but in May 2020, the associate rate increased to $300 and $370 per hour.

7

reasonable benchmark for the prevailing market rates in Trenton and the surrounding southern New Jersey legal market. *See, e.g., Defendants Americans for Prosperity v. Grewal,* Civ. No. 19-14228 (BRM), 2021 WL 1153194, at *14 (D.N.J. Mar. 26, 2021) (adopting the CLS fee schedule for a case litigated in Trenton but with an upward adjustment); *Machado v. Law Offices of Jeffrey H. Ward*, Civ. No. 14-7401 (MAS), 2017 WL 2838458 at *3 (D.N.J. June 30, 2017) (applying the CLS fee schedule in a case filed and litigated in Trenton.); *Rayna P. v. Campus Cmty. Sch.*, 390 F. Supp. 3d 556, 565-66 (D. Del. 2019) (citations omitted) (adopting the CLS fee schedule for calculating the attorney's fees for a case litigated in Delaware, based on "the Court's perception of a regional market for legal services, encompassing Philadelphia, southern New Jersey, and Delaware."); *Warner v. Twp. of South Harrison*, Civ. No. 09-6095 (JBS), 2013 WL 3283945 (D.N.J. June 27, 2013) (adopting the CLS fee structure in determining the reasonable rate for a case litigated in southern New Jersey).

Accordingly, the Court accepts and will apply the hourly rates set forth in Hudson City's fee petition.

B. <u>Reasonable Hours Expended</u>

Upon a careful review of the fee petition, the Court also concludes that the total hours expended in defending this suit—364.2—is reasonable under the circumstances.[3]

---

[3] The number of hours counsel billed multiplied by the various hourly rates actually totals $116,882.56. *See* [Dkt. 80-1], ¶¶ 3, 6. Because Hudson City only has paid counsel $110,643.86, the fee petition seeks that lower amount. *Id.*, ¶ 8.

This Court has discretion to reduce the lodestar amount for a number of reasons; generally, however, the court may not decrease an award for reasons not raised. *Bell v. United Princeton Props.*, 884 F.2d 713, 718-19 (3d Cir. 1989). As noted above, plaintiffs responded to Hudson City's fee petition, [Dkt. 81] but raised no procedural or substantive arguments or objections in opposition to the fee request. Accordingly, Hudson City's fee petition essentially is unopposed. But even an unopposed fee application must demonstrate the reasonableness of the requested fees. *See Spectrum Produce Distributing, Inc. v. Fresh Mktg. Inc.*, Civ. No. 11-6368 (JBS), 2012 WL 2369367 at *3-5 (D.N.J. June 20, 2012) (3d Cir. 2010) (citing *Bell*, 884 F. 2d at 719). The Court may reduce the number of hours expended "if the applicant's documentation is inadequate, if the case was over-staffed and hours were duplicative, or if the hours expended are deemed excessive or otherwise unnecessary." *Fed. Home Loan Mortg. Corp. v. River Associates*, Civ. No. 92–2666 (CSF), 1993 WL 21073 at *2 (D.N.J. Jan. 19, 1993). Additionally, "the [C]ourt may reduce the number of hours spent if some claims [or defenses] are unsuccessful or if a plaintiff has achieved only limited success." *Id.*; *see also C.G. v. Winslow Twp. Bd. of Educ.*, Civ. No. 13-6278 (RBK), 2015 WL 7760356, at *8 (D.N.J. Dec. 2, 2015) (citation omitted).

Here, as the Court previously has recounted, plaintiffs' suit amounted to a four-year, baseless campaign that involved numerous frivolous filings in this Court and multiple appeals to the Third Circuit—none of which succeeded. The Court's independent review of the fee petition persuades it that counsel's expenditure of

364.2 aggregate hours to defend this lawsuit was eminently reasonable. Indeed, the Court identifies no appropriate basis here to reduce the number of hours that counsel expended defending this action. The fee petition overall, as noted, is thorough and well documented. The time entries are clear, concise, and organized, and the Court easily can discern the different tasks performed by each attorney who worked on the matter.

Notably, Hudson City's counsel made a deliberate (and reasonable) effort to maximize an associate's work on the matter, keeping the partners' billing relatively low. The associate with the lowest hourly rate worked over 200 hours on the matter, thus performing the bulk of the most time-consuming legal work, including researching and drafting arguments in Hudson City's defense. In that regard, the Court finds that the tasks performed by each of the four assigned attorneys appropriately corresponded to the individual's role and rate. Overall, the Court finds counsel's defense strategy both successful and cost-effective. Indeed, counsel secured a categorical victory both in this Court and the Third Circuit. The tasks that each attorney performed in defending the matter were reasonable, necessary, and proportional to the time needed to defend the action properly. And the Court does not identify any unnecessary duplication in tasks performed by multiple attorneys.

Because plaintiff identifies no basis to reduce the requested fees due to excessive or duplicative hours or inadequate documentation, and because the Court,

10

having independently reviewed the fee petition, likewise can find no such basis, the Court accepts the full lodestar amount of $110,643.86.

      C.    <u>Mitigation</u>

Finally, the Court considers whether any mitigating factors warrant reducing the lodestar amount. *See Hightower, supra*, 2022 WL 19266261, at *2. The Court first notes, however, that its earlier order directed that plaintiffs would be "obligated to pay Defendants an award of attorneys' fees for the costs of defending this action." [Dkt. 65]. So the prior order clearly contemplated sanctioning plaintiffs for the full cost of defense. Reducing the award based on mitigating factors, therefore, would be somewhat in tension with, if not contrary to, that order. But because the Court's earlier order did not discuss the law governing calculation and assessment of attorney's fees as Rule 11 sanctions, the Court proceeds here to apply the governing law and considers whether any mitigating factors warrant a reduction to the lodestar amount.

That said, on this record it is difficult to identify, let alone articulate or find, that any mitigating factors warrant reducing the lodestar amount. Indeed, each of the potential factors that the Third Circuit has described—with one possible exception—weighs in favor of assessing the full lodestar amount. *See supra* at 4 (listing potential factors). Plaintiffs engaged in egregious, repetitive, bad-faith, and frivolous litigation tactics from the outset of this case to the very end. Indeed, the Court was forced to issue a litigation preclusion order [Dkt. 91] after finding plaintiffs to be vexatious litigants. [Dkt. 66].

11

Assessing the factors that the Third Circuit has identified, the Court notes that one of the plaintiffs (an attorney admitted to practice in this Court) "has been sanctioned or admonished in his capacity as [an] attorney for his abusive and frivolous filings several times." *Id.* at 8-9 (citing examples). Those sanctions obviously did not sufficiently deter him, and so leniency here is not warranted; on the contrary, a substantial sanction is necessary to accomplish actual deterrence. Additionally, the degree of plaintiffs' frivolous and vexatious conduct here is difficult to overstate; this Court has chronicled that history multiple times, *see* [Dkt. 65], at 7-10; [Dkt. 90], at 8-11, and need not do so again here. In short, plaintiffs' frivolous efforts have been rejected time and again upon significant and expensive efforts by defense counsel. All of these considerations are *aggravating* in nature, and they do not provide a reasonable basis to reduce the fee amount as *mitigating* circumstances.

In the Court's view, the only possible ground that *might* be a potential mitigating factor is plaintiffs' potential inability to pay the fee award assessed. Two considerations, however, lead the Court not to reduce the fee award on that ground. First, plaintiffs have not supplied the Court with any information or factual basis that would permit a conclusion that they cannot pay the fee award. Plaintiffs had ample opportunity to present such information but did not, and the Court will not speculate. Second, even if plaintiffs are assumed to be unable to pay the full amount, the egregiousness of their litigation tactics and Mr. Lin's repeated history of engaging in abusive and frivolous filings underscores the continuing need for deterrence. Said simply, the aggravating factors identified above and in the Court's

12

prior opinion far outweigh any possible mitigating factors that might exist. Accordingly, the Court will not reduce the lodestar amount.

For the reasons stated and for good cause shown,

**IT IS** on this 19th day of April, 2024, hereby

**ORDERED** that defendants' renewed fee petition [Dkt. 80] is **GRANTED** in its entirety; and it is further

**ORDERED** that plaintiffs shall pay, jointly and severally, defendants' attorneys' fees and costs in the amount of $110,643.86; and it is further

**ORDERED** that plaintiffs shall remit payment to defendants' counsel, payable to the entity or entities designated by defense counsel, within 45 days of the date of this Order.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE

13