UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAY LIN and IRENE LIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HUDSON CITY SAVINGS BANK, M&T BANK, and PARKER MCCAY, P.A.,<br><br>Defendants. | Civil Action No. 18-15387 (RK) (JBD)<br><br>**MEMORANDUM ORDER** |

**THIS MATTER** comes before the Court upon an Emergency Motion for Order to Show Cause, a Motion for Preliminary Injunction, and a Motion for Sanctions, (ECF No. 95), filed by Jay and Irene Lin ("Plaintiffs"). On August 8, 2024, Defendants filed a Response in Opposition. (ECF No. 96.) The Court has carefully considered the parties' submissions and decides Plaintiffs' motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). Before turning to the pending Motions, the Court provides a very brief background of this case.

This matter arises from a state court foreclosure complaint filed by Defendants[1] against Plaintiffs entitled *M&T Bank, successor by merger with Hudson City Savings Bank v. Jay J. Lin and Irene Lin*, No. 29667-10 (Superior Court of New Jersey, Somerset County) (the "Foreclosure Action"). (*See* "Edwards Decl.," ECF No. 47-2 at *2.) After years of litigation, in July 2017, the

---

[1] In 2015, Hudson City Savings Bank ("Hudson City") merged into a subsidiary of M&T Bank ("M&T") and is wholly owned by same. (ECF No. 70). As shorthand, the Court will refer to Defendants Hudson City and M&T Bank collectively as "Defendants."

1

Superior Court of New Jersey entered final judgment against Plaintiffs. (*Id.* at *10.) On October 29, 2018, Plaintiffs filed a Complaint in this Court challenging the Foreclosure Action.[2] ("Compl.," ECF No. 1.) After repeated frivolous filings in this case, the Court found Plaintiffs to be vexatious litigants and sanctioned them, pursuant to Rule 11, by awarding Defendants attorneys' fees and costs. (ECF Nos. 65, 66; *see* ECF No. 65 at 7 ("Plaintiffs' serial filings not only demonstrate a complete disregard for the authority of this Court and others, but also a pattern and practice of engaging in harassing and vexatious conduct aimed at Defendants.").)

Thereafter, Defendants filed an Application/Petition for Attorneys' Fees and Costs.[3] (ECF No. 80.) After giving Plaintiffs notice and an opportunity to show cause, the Court entered a litigation preclusion order against Plaintiffs, enjoining them from filing any future actions concerning the Foreclosure Action without prior judicial approval. (ECF Nos. 90, 91.) On April 19, 2024, the Honorable J. Brendan Day, U.S.M.J., granted Defendants' fee petition, ordering Plaintiffs to pay $110,643.86 in fees and costs by June 3, 2024. (ECF No. 92 (noting Plaintiffs' "egregious, repetitive, bad-faith and frivolous litigation tactics" and the fact the one of the plaintiffs, who is an attorney admitted to practice in this Court, "has been sanctioned or admonished in his capacity as an attorney for his abusive and frivolous filings several times" (citation omitted)).) On May 17, 2024, Plaintiffs appealed Judge Day's Order and numerous other orders entered in this case. (ECF No. 93.)

---

[2] This case marks Plaintiffs' *fourth* unsuccessful attempt to challenge the Foreclosure Action. *See M&T Bank, successor by merger with Hudson City Savings Bank v. Jay J. Lin and Irene Lin*, Case No. 29667-10 (Superior Court of New Jersey, Somerset County); *Irene Lin and Jay Lin v. Hudson City Savings Bank, M&T Bank, Parker McCay P.A., et al.*, Case No. 17-05511 (United States District Court for the District of New Jersey); *Irene Lin v. M&T Bank and Sheriff of Somerset County*, Case No. 21453-18 (Superior Court of New Jersey, Somerset County); *Irene Lin v. M&T Bank, et al.*, Case No. 18-15354 (United States District Court for the District of New Jersey).

[3] The Honorable J. Brendan Day, U.S.M.J. reserved ruling on Defendants' first fee petition while Plaintiffs' appeal was pending before the Third Circuit, (ECF No. 71), but after the Third Circuit dismissed the appeal, (ECF No. 75), Judge Day ordered Defendants to submit a renewed petition, (ECF No. 78).

On July 3, 2024, having not yet received the attorneys' fees and costs that Judge Day ordered Plaintiffs to pay, Defendants' attorneys contacted Plaintiffs, requesting that they remit the payment owed. (ECF No. 95-1 at *4.) On August 2, 2024, Plaintiffs filed the Motions now pending before the Court. (ECF No. 95.) Plaintiffs seek the Court to issue a "Temporary Restraining Order[] and sanctions order upon [Defendants] and its attorneys . . . for violation of Supremacy Clause of the United States Constitution and FDCPA." (*Id.* at 1.) Plaintiffs appear to argue that Defendants violated the Supremacy Clause and Fair Debt Collection Practices Act ("FDCPA") by attempting to collect attorneys' fees and costs while Plaintiffs' appeal is pending before the Third Circuit. (*Id.* at 2–3.) Plaintiffs ask the Court to "require [a] [s]anction of civil liability" against Defendants and their attorneys. (*Id.* at 4.) As stated, on August 8, 2024, Defendants filed a Response in Opposition. (ECF No. 96.)

Turning now to the Court's order, for the reasons set forth below, and for good cause shown,

**IT IS** on the 12th day of August, 2024, **ORDERED** as follows:

1. Plaintiffs' Motions are **DENIED**. First, injunctive relief is not appropriate here. Neither the Supremacy Clause nor the FDCPA apply to Plaintiffs' requests. *See Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 324–25 (2015) (explaining that the Supremacy Clause prevents courts from giving effect to state laws that conflict with federal laws, but it neither provides a source of federal rights nor a private cause of action); *Spiegel v. Kim*, 952 F.3d 844, 846 (7th Cir. 2020) (explaining that an obligation to pay attorney's fees falls outside of the FDCPA went it arises out of a parties' "alleged wrongdoings" and "not from a consensual consumer transaction within the meaning of the FDCPA"). Even if the Supremacy Clause or the FDCPA applied here, which they do not, Plaintiffs could not

demonstrate irreparable harm as the only alleged injury is monetary. *See Minard Run Oil Co. v. U.S. Forest Serv.*, 670 F.3d 236, 255 (3d Cir. 2011), as amended (Mar. 7, 2012) ("As a general matter, a purely economic injury, compensable in money, cannot satisfy the irreparable injury requirement . . . ."). Furthermore, Defendants would be harmed if the Court enjoined them from pursuing the fees and costs that the Court has determined they were owed. Indeed, the Court previously deemed Plaintiffs vexatious litigants and ordered Plaintiffs to pay Defendants attorneys' fees in order to "protect[]" Defendants from Plaintiffs' "unwarranted harassment" and obstructive conduct. (ECF No. 65 at 10; *see also* ECF No. 90 at 10.) Lastly, it would not serve the public interest to enter a preliminary injunction. Just the opposite: Plaintiffs' frivolous motions have continued to undermine the orderly process of justice and waste judicial resources. As the Court has determined that a preliminary injunction is not warranted, Plaintiffs' request the Defendants "show cause why a preliminary injunction should not issue" is denied. Finally, because neither the Supreme Clause nor the FCDPA apply, there is no basis to sanction Defendants for alleged violation of same.

2. The Clerk of Court is directed to terminate the Motions pending at ECF No. 95.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**